Nov. Term, 1858.

DRONBERGER v. REED.

DRONBERGER and Others *v.* REED.*

The act "providing for the election," &c., "of supervisors of highways, and prescribing certain of their duties," &c., 1 R. S. p. 462, is not objectionable as violating the right of trial by jury in civil cases. The constitutional provision saving that right does not extend to cases of assessment of damages for laying out and repairing highways.

Nor does the act violate the article of the constitution relative to taking private property for public use.

The taking of property authorized by § 16 of the act, is to be regarded as the act of the state, and, hence, prepayment need not be made.

*Quære*, whether surplusage in the title of an act may be rejected in the same manner as matter improperly introduced in the body of the act.

Section 16, *supra*, is properly embraced in the act.

The act affords to proprietors reasonable means of obtaining compensation for injury sustained.

*Tuesday, January 4, 1859.*

APPEAL from the *Bartholomew* Circuit Court.

PERKINS, J.—Suit to recover damages for a trespass upon real estate, brought by *Reed* against *Dronberger* and others.

*Dronberger* answered that he was supervisor of road district, &c.; that the highway was out of repair; that he entered upon the adjoining land to obtain materials for its repair, &c., doing no unnecessary damage; and that this act constitutes the trespass complained of.

The other defendants answered that *Dronberger* was supervisor, &c.; and that they were working the highway under him, and entered upon the adjoining land, by his command, &c., for the purpose, &c., which, &c.

---

* A petition for a rehearing of this case was filed on the 2d of *February*, and overruled in the 15th of the same month.

Demurrers to the answers sustained, damages assessed, and judgment for the plaintiff.

The demurrers were sustained on the ground that the statute under which the defendants acted, in entering upon the land, &c., was unconstitutional, and afforded no protection.

That statute was entitled "An act providing for the election or appointment of supervisors of highways, and prescribing certain of their duties, and those of county and township officers in relation thereto." 1 R. S. p. 462.

The 16th section of that act reads as follows: " The supervisor, or any other person by his order, may enter upon any land adjoining or near to any highway in his district, and thereupon construct such ditches, drains, and dams, and dig and remove any gravel, earth, sand, or stone, or cut and remove any wood or trees, that may be necessary for the proper construction, repair, or preservation of such highway, and any person aggrieved may petition the township trustees for an assessment of damages occasioned thereby; and in such case, such trustees shall appoint three disinterested persons in such township to view the locality where the grievance was committed, and assess such damages within twenty days after such appointment, they having first taken an oath to faithfully discharge their duties, before some officer authorized to administer oaths; and such viewers shall make report thereof within ten days after such assessment, to such trustees, having first given notice thereof to the complainant, and such trustees shall order the damages assessed to be paid out of the township treasury, unless they should deem them unreasonable, in which case they may reduce the amount."

It is claimed that the act above cited violates three provisions of the constitution of this state—

1. Section 20, of art. 1, which declares that, "In all civil cases, the right of trial by jury shall remain inviolate."

2. Section 21, of art. 1, which declares that, "No man's particular services shall be demanded without just compensation. No man's property shall be taken, by law, without

just compensation; nor, except in case of the state, without such compensation first assessed and tendered."

3. Section 19, of art. 4, which declares that, "Every act shall embrace but one subject, and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in the act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

The act is not objectionable as violating the right of trial by jury. The constitution does not extend to cases of assessing damages for laying out or repairing highways. *The Lake Erie, &c., Railroad Company* v. *Heath*, 9 Ind. R. 558.

The act is not in violation of the article of the constitution relative to taking private property for public use, if the taking authorized is to be regarded as the act of the state. As to such taking, the new does not differ from the old constitution; and under that, it was held sufficient that the act authorizing it made provision for compensation. Ind. Dig. p. 271, § 58.

Can the taking in this case be regarded as having been by the state? Strictly speaking, all private property taken for public use, is taken by the state. No other power can take it. It must be taken by the sovereign power, in the exercise of the right of eminent domain. The public necessity and convenience have always indicated highways as one of the objects for which the state might take private property. But the state does not always—scarcely ever, indeed—take the property directly herself. She acts through agents. It is, nevertheless, the state that takes by her agents. But after the policy was adopted, of permitting corporations, such as canal, railroad, and turnpike companies, to construct certain highways, or *quasi* highways, at their own expense and for their own profit, instead of the state, and to take private property for that purpose, it sometimes happened that certain of those companies became unable to pay for the property so taken; and to obviate this difficulty, to remedy this evil, the clause in the

new constitution was framed in the language we have quoted. It was not very happily chosen. It is certainly not very perspicuous, and does not evince a very clear idea of the subject to have existed in the mind of the author of the section. But we know, historically, that it was aimed at the companies and the evil we have stated. This fact should have influence in its construction. And while we are not willing now to enumerate precisely the cases in which prepayment must be made, we may say that we do not think that the taking of property for the construction and repair of highways, which are to be public and free—the property of no particular person or corporation, and the source of no private pecuniary profit—presents such a case. See 1 Blacks. Comm. 139; 2 Kent's Comm. 339; *The City of Lafayette* v. *Cox*, 5 Ind. R. 38; *The City of Aurora* v. *West*, 9 *id.* 74.

As we have seen, every act must have but one subject, and that must be expressed in the title. The principal subject of the act above quoted is the duty of road supervisors. Whether we may reject surplusage in the title of an act, as we may matter improperly introduced in the body of it, we do not decide. We incline, hesitatingly, to think the question does not arise in this case. We think the section we have quoted, and under which the appellants acted, may be regarded as properly embraced in the act, it pertaining to matters properly connected with the subject of it.

There are other sections of the act that may, though we decide nothing as to them, be improperly placed. See *The Indiana, &c. Co.* v. *Potts*, 7 Ind. R. 681.

A further objection is made, that the act in question does not, as it should, to be constitutional (*The New Albany, &c., Co.* v. *Connelly*, 7 Ind. R. 32), afford a reasonably convenient opportunity to the proprietor to obtain compensation for the injury sustained in taking his property.

We cannot say that this objection is valid. The compensation will be fairly assessed, and paid with reasonable promptness, if the officers charged with the business do their duty.

Nov. Term,
1858.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*M. M. Ray* and *T. A. McFarland,* for the appellants.
*W. Herod* and *S. Stansifer,* for the appellee (1).

