NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY
*vs.* BOSTON TERMINAL COMPANY.

BOSTON ELECTRIC LIGHT COMPANY *vs.* SAME.

Suffolk. November 17, 18, 1902. — January 6, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Damages. Way. Easement.*

Corporations that, under authority given by statutes and city ordinances, have laid beneath a public street wires for the transmission of intelligence and of lighting

power, for the benefit of such part of the public as chooses to make use of them, and there have constructed conduits and manholes which cannot be removed without such destruction as would render them worthless, have no rights of property in the street which can be the subject of an assessment of damages when the street is discontinued by statutory authority.

Statement by KNOWLTON, C. J. of the uses included in the public easement when land is taken for a highway.

TWO PETITIONS, filed December 24, 1897, and January 3, 1898, respectively by the New England Telephone and Telegraph Company and the Boston Electric Light Company against the Boston Terminal Company, for assessment of damages under St. 1896, c. 516, § 23.

The first case was submitted in the Superior Court upon an agreed statement of facts to *Bell*, J., who found for the respondent and reported the case for determination by this court. If his finding was justified by the agreed facts, judgment was to be entered for the respondent; otherwise, the case was to stand for trial. In the second case, the Superior Court found for the respondent upon agreed facts; and the petitioner appealed.

*S. L. Powers*, for the petitioner in the first case.

*C. A. Snow*, for the petitioner in the second case.

*W. Hudson*, (*S. Hoar* with him,) for the respondent.

KNOWLTON, C. J. These are petitions for an assessment of land damages under the St. 1896, c. 516, § 23. Each of the petitioners is a corporation established under the laws of Massachusetts, the first for the transmission of intelligence by electricity, and the second for the purpose of manufacturing, transmitting and supplying electricity for lighting. Each had conduits and wires in certain streets of the city of Boston when these streets were discontinued and taken for a terminal station under the St. 1896, c. 516. They were duly notified and had ample opportunity to remove their property in the streets, so far as it was capable of being removed. The wires were removed, but the conduits and manholes were so constructed that they could not be taken up without such destruction as would render them worthless. The petitioners contend that they had rights of property in the streets, for which they are entitled to compensation. Their rights were acquired under certain statutes and under ordinances of the city of Boston, which it is not necessary now to consider particularly. The decisions in these

cases depend chiefly upon general principles which lie at the foundation of legislation touching public streets and highways.

In this Commonwealth, on the laying out and construction of a highway or public street, the fee of the land remains in the landowner, and the public acquire an easement in the street for travel. This easement is held to include every kind of travel and communication for the movement or transportation of persons or property which is reasonable and proper in the use of a public street. It includes the use of all kinds of vehicles which can be introduced with a reasonable regard for the safety and convenience of the public, and every reasonable means of transportation, transmission and movement beneath the surface of the ground as well as upon or above it. Accordingly it has been held that the public easement which is paid for in assessing damages to the owner includes the use of the street for horse cars and electric cars, for wires of telegraph, telephone and electric lighting companies, and for water pipes, gas pipes, sewers and such other similar arrangements for communication or transportation as further invention may make desirable. *Pierce* v. *Drew*, 136 Mass. 75. *Suburban Light & Power Co.* v. *Boston*, 153 Mass. 200. *Attorney General* v. *Metropolitan Railroad*, 125 Mass. 515. *Howe* v. *West End Street Railway*, 167 Mass. 46. *Natick Gas Light Co.* v. *Natick*, 175 Mass. 246. All these agencies have a share in the use of the streets under the rights of the public. A person who walks or drives through a public street does it as one of the public, and not in the exercise of a private right of way. The permanent structures above referred to are permitted because they are used by the public or a part of the public, or are held and used in private ownership for the benefit of the public. The rights in the streets which are so exercised or enjoyed are not private rights of property, but are a part of the public rights which are shared in common, although used and enjoyed in different ways by the different members of the public who pass through a street, or whose property is carried through it.

These public rights are primarily subject to the regulation and control of the Legislature which represents the public. This regulation and control is usually delegated to the local authorities by general laws, and sometimes by special laws.

But the Legislature remains all the time the supreme authority in regard to all public rights and interests. The authority which it delegates, it may at any time resume, and then it may exercise it as it deems best. *Wales* v. *Stetson,* 2 Mass. 143. *Spaulding* v. *Nourse,* 143 Mass. 490. *Tinker* v. *Russell,* 14 Pick. 279. *Union Railway* v. *Mayor & Aldermen of Cambridge,* 11 Allen, 287. *Middlesex Railroad* v. *Wakefield,* 103 Mass. 261. *Attorney General* v. *Boston,* 142 Mass. 200, 203. *Brimmer* v. *Boston,* 102 Mass. 19, 22. *Stone* v. *Charlestown,* 114 Mass. 214, 224. *Hill* v. *Boston,* 122 Mass. 344. *Attorney General* v. *Walworth Light & Power Co.* 157 Mass. 86. *Natick Gas Light Co.* v. *Natick,* 175 Mass. 246.

All the statutes and ordinances upon which the petitioners rely as a justification for their action in constructing conduits in the public streets and as giving them rights of property there, are merely provisions for the regulation of the different public rights in the streets. None of them purports to convey private rights of property. Most of them expressly state the limitations upon the authority given, and make the petitioners subject to possible future proceedings terminating or modifying their rights. Pub. Sts. c. 109, §§ 1, 2, 3; c. 27, § 47; c. 28, § 4. Sts. 1883, c. 221; 1889, c. 398; 1894, c. 454. Revised Ordinances of Boston of 1885, c. 28, §§ 25 to 32 inclusive; 1890, c. 18, §§ 3, 6, 10; c. 3, § 21; 1892, c. 36, §§ 8, 14, 16; c. 3, § 21. But where there is no such express provision the result is the same. Their rights in connection with the rights of others of the public are subject to reasonable regulation, or even to termination at any time, if the supreme authority acting in the public interest shall so determine. It follows that they have no rights of property in the street, and their structures that were built therein were personal property which they had a right to remove, and which could not be subjects for the assessment of damages under statutes of this kind. *Commonwealth* v. *Lowell Gas Light Co.* 12 Allen, 75. *Dudley* v. *Jamaica Pond Aqueduct,* 100 Mass. 183. *Natick Gas Light Co.* v. *Natick,* 175 Mass. 246. *Edmands* v. *Boston,* 108 Mass. 535. *Allen* v. *Boston,* 137 Mass. 319. *Williams* v. *Commonwealth,* 168 Mass. 364. See St. 1902, c. 342.

Looking at the cases from a little different point of view,

these public rights, being subject to the control of the Legislature, were terminated by the St. 1896, c. 516, which provided for the discontinuance of the streets, and a taking by the respondent. When these places ceased to be public streets, all rights of the public in them came to an end, and they became subject to the different kind of public use to which they were appropriated by the statute. It is a familiar rule that the discontinuance of a public way terminates the right of travel of the public in it and leaves it for other uses. The action taken by the respondent under the statute first worked a discontinuance of the streets, and then appropriated them to the public use for a terminal station. The damages to be assessed were only for rights of property in the real estate at the time of the taking. As the petitioners had no such rights, there must be in the first case, under the terms of the report, a judgment for the respondent, and in the second case a like judgment must be affirmed.

*So ordered.*