## NORTHERN INDIANA GAS AND ELECTRIC COMPANY *v.* MERCHANTS IMPROVEMENT ASSOCIATION.

[No. 12,912.   Filed February 16, 1928.]

*Frederick C. Crumpacker* and *Edwin H. Friedrich,* for appellant.

*Bomberger, Peters & Morthland,* for appellee.

NICHOLS, J.—Appellant occupied a certain alley in the city of Hammond with poles and electric light wires

erected and under franchise grant from the city. The alley was vacated by order of the board of public works. Appellee, the owner of abutting lots, thereby became the owner of the alley and brought its action to enjoin appellant from maintaining its poles and wires on the premises, and from interfering with appellee in the construction of a building thereon.

The complaint is in one paragraph. On September 23, 1925, the parties were before the court on the appellee's application for a temporary injunction. The parties agreed by stipulation, entered in an order of court, that appellant should forthwith remove its wires from the vacated alley and the right of appellant to damages by reason of such vacation should be determined on final hearing. If the court found that appellant was entitled to damages, it was stipulated that judgment should be entered in its favor against appellee for such damages not to exceed $800, reserving to appellee the right to appeal from such judgment.

Appellant had not remonstrated before the board of public works or appealed from its resolution ordering the vacation of the alley. The stipulation provided that the question of appellant's right to damages and judgment against appellee accordingly, should be determined as if appellant had remonstrated before the board of public works against its failure to allow damages, or against the amount of damages and benefits that might have been allowed in the proceedings to vacate, and had appealed from any action the board might have taken overruling such remonstrance and refusing to allow damages. The stipulation authorized the court to enter judgment against appellee for the damages if it found appellant entitled thereto, without regard to liability on the part of the city of Hammond.

Appellant filed answer of general denial. The cause was submitted to the court, and, after trial, the court

found in favor of appellee and that appellant should be enjoined from maintaining its poles and wires in the vacated alley and that appellant was not entitled to damages. Judgment was rendered accordingly. The error properly assigned is the court's action in over-ruling appellant's motion for a new trial.

Appellee contends that no question is presented for consideration by this court for the reason that the judgment of the lower court under the statute is final, and no appeal lies therefrom. The statute upon which appellee bases this contention is §10356 Burns 1926, being §102 of the Municipal Code of 1905. But this action was commenced in the Lake Superior Court for the purpose of enjoining appellant from maintaining its poles and wires on ground which had been a public alley but which had been vacated as such. It is true that, by stipulation, it was agreed that appellant's right to damages and judgment against appellee therefor should be determined as if appellant had remonstrated before the board of public works against its failure to allow damages, or against the amount of damages that might have been allowed in the proceedings to vacate, and had appealed from the action of the board. But the primary question here involved was not the amount of the damages but rather whether appellant was entitled to any damages. Appellee expressly reserved to itself the right to appeal from any judgment the court might enter and we shall therefore decide the question presented by appellant's appeal on its merits.

It is the law in Indiana that when real estate is taken for public use, as a street or an alley, the fee remains in the owner of the real estate, or his successor in title, and the land so taken may be used by him in any way that is not inconsistent with the rights of the public under the easement acquired by them when the street was laid out. Upon a discontinu-

ance of the easement, as by vacation, the entire estate reverts to the then owner of the fee. That the board of public works has power to vacate streets and alleys and that the motive of such vacation is immaterial, see *Windle* v. *City of Valparaiso* (1916), 62 Ind. App. 342, 113 N. E. 429.

The substantial question which we have to determine is as to whether a public utility, such as appellant, having its equipment in a public place, in this case ·its poles and lines and its gas pipes in a public alley, which is vacated or about to be vacated, can recover damages for the cost incident to removing it therefrom, such place, by reason of the vacation, being no longer a public place. The right of the public therein was that of an easement, and it could grant to appellant, as a public utility, no greater right than it possessed, and when the alley was vacated, the easement therein fell, and, of necessity, along with it, the right of appellant a a public user fell. Appellant might have supplied its consumers by means of tanks or drums and storage batteries carried in vehicles over the alleys and streets of the city, but it adopted the more efficient method of conveying its gas through pipes laid in the ground and its electricity through its wires. Whether such conveyance was by vehicles or by pipes and wires, it was simply a public use of the alley. Any member of the public conveying his products to his customers had the same right to use the alley that appellant had, and appellant was no more entitled to compensation for removing its personal property from the location when it ceased to be a public place than was any other public user who was excluded therefrom by reason of such vacation. No doubt other users of the alley found it convenient to use the alley and suffered some inconvenience by having to convey their commodities by some other route, and no doubt appellant suffered some in-

convenience by having to convey its commodity by some other route, and for that purpose to remove its apparatus and install it elsewhere. But, for such damages, the public users, including appellant, may not recover. Appellant imposed no additional burden upon the fee, paid nothing for its privileges, and certainly should not be entitled to recover for the loss thereof by reason of the vacation of the alley. Its property was not taken for a public use nor was it destroyed. Its right to remove the same to some other place was unquestioned. The case of *New England Tel. & Tel. Co.* v. *Boston Terminal Co.* (1902), 182 Mass. 397, 65 N. E. 835, is directly in point on the question here involved. In that case, the city vacated certain streets, and the telephone company demanded compensation for the enforced removal of its equipment from the vacated streets. The court, in denying compensation, says: "The public easement which is paid for in assessing damages to the owner includes the use of the street for horse cars and electric cars, for wires of telegraph, telephone and electric lighting companies, and for water pipes, gas pipes, sewers and such other similar arrangements for communication or transportation as further invention may make desirable. . . . All these agencies have a share in the use of the streets under the rights of the public. A person who walks or drives through a public street does it as one of the public, and not in the exercise of a private right of way. The permanent structures above referred to are permitted because they are used by the public or a part of the public, or are held and used in private ownership for the benefit of the public. The rights in the streets which are so exercised or enjoyed are not private rights of property, but are part of the public rights which are shared in common, although used and enjoyed in different ways by the different members of the public who pass through a street. or

whose property is carried through it, . . . . It follows that they have no rights of property in the street, and their structures that were built therein were personal property which they had a right to remove, and which could not be subjects for the assessment of damages under statutes of this kind. .. . . When these places ceased to be public streets, all rights of the public in them came to an end."

We adopt this statement of the law as the rule that must govern under the circumstances of this case. Appellant was not entitled to damages because it was compelled to remove its equipment from the location of the alley because of its vacation.

Judgment affirmed.