STATE OF INDIANA *v.* POLLITT ET AL.

[No. 27,730. Filed December 28, 1942.]

594

*George N. Beamer,* Attorney General, *Caleb J. Lindsey,* Deputy Attorney General, and *Samuel L. Trabue,* of Rushville, for appellant.

*Titsworth & Titsworth,* and *Chauncey W. Duncan,* all of Rushville, for appellee.

RICHMAN, C. J.—Appellee Pollitt owned land encumbered by mortgage to the other appellee. The State Highway Commission, desiring the real estate for high-

way purposes, instituted an action in the name of the State against both appellees under the general eminent domain statute of 1905. Without objection an order was made appointing appraisers who made an award of $4,000, which was reported to the court and spread of record. The State contested the amount of the award by filing exceptions which were pending when about a month later the State paid the award plus the appraisers' fees to the clerk of the court. Appellee Pollitt withdrew the money and paid the mortgage. Appellant concedes that in so doing appellees were within their rights. Over a month later the State filed its motion to dismiss the action and for an order against appellees to refund to the clerk the whole sum. They objected and an amended motion was filed. Appellees repeated their objections in writing. The motion was denied by the court. There was a trial without a jury on the issue raised by the exceptions. Finding and judgment was for appellees in the same amount as fixed by the appraisers. In this appeal therefrom the only question properly presented is whether the court erred in denying appellant's said amended motion.

The motion, which was not verified, recites the filing of the action, the appointment of appraisers, their award, the payment thereof by appellant to the clerk, the receipt thereof by appellees and the filing of the exceptions and then asserts that,

"The plaintiff would most respectfully show to the Court that on a resurvey of the premises the plaintiff has discovered that it will not be necessary to take, use or acquire any part of the real estate belonging to the defendants herein, and for that reason it is not necessary for the plaintiff to prosecute this cause further and plaintiff desires to dismiss this cause of action and to ask the Court to make an order requiring the Clerk of this Court and the defendants, and each of them, to return

said sum of money heretofore deposited by the State, in the sum of Four Thousand Dollars ($4,000.00), to the Chairman of the State Highway Commission of Indiana.

"The plaintiff says that it does not own or claim to own any part of the real estate set out and described in plaintiff's complaint herein, or that real estate that was condemned by the judgment and order of this Court aforesaid.

"The plaintiff would further show to the Court that it has not taken possession of the real estate of the defendants sought to be condemned herein, and has no intention to do so.

"That the plaintiff stands ready and willing to comply with any order that this Court may make with respect to the title to the real estate herein condemned and will, upon the order of this Court, make restitution of any interest that the Court may determine it may have in the real estate sought to be condemned.

"Wherefore, plaintiff prays the Court that this cause of action be dismissed at the plaintiff's costs, and that the Court make any order in the premises it deems necessary against the plaintiff for the purpose of protecting defendants' interests found to exist by the Court by reason of the condemnation of the real estate heretofore condemned by the Court herein, and for the purpose of restoring to the defendants any interest the plaintiff may have in the real estate sought to be condemned herein which may be found to exist by the Court, and that the defendants, Sylvia Pollitt and First Federal Loan & Savings Association and the Clerk of this Court, and each of them, be ordered and directed to refund to the Chairman of the State Highway Commission of Indiana the sum heretofore deposited herein, towit: Four Thousand Dollars ($4,000.00) and this cause be dismissed at the plaintiff's costs."

The order denying the motion reads:

"Comes now the Court and being duly advised in the premises, now denies the Plaintiff's petition to dismiss the cause, to which ruling of the court the plaintiff objects and excepts."

Upon its face the motion seeks to invoke discretionary powers of the court. Expression of readiness to comply with any order that the court may make with respect to the title and restitution of any interest it may have in the real estate implies that change has taken place in the situation of the parties requiring exercise of judicial discretion. The motion does not ask an unqualified dismissal but on the contrary demands a concurrent order against appellees. In no respect does it resemble the ordinary motion to dismiss, as of right, a civil action. But in this court appellant claims such right and that the motion is sufficient to serve that purpose.

As a basis for appellant's claim it points to language in § 8 of the act, prescribing procedure after exceptions to an award, reading: "and the cause shall further proceed to issue, trial and judgment as in civil actions; . . ." Asserting that in a civil action the plaintiff may dismiss without prejudice at any time "before the jury retires" or "before the finding of the court is announced," § 2-901, Burns' 1933, § 104, Baldwin's 1934, appellant says that its motion was timely. But §.8 does not make available to a condemnor every right of a plaintiff in a civil action. The only issue referred to in the section is the amount of damages, the trial is to decide that issue, and the judgment to carry into effect that decision. None of these has any connection with the right to dismiss or the procedure by which it is accomplished. We therefore cannot accept appellant's view that § 2-901 and § 2-902, Burns' 1933, §§ 104, 105, Baldwin's 1934, are applicable at the stage reached in this statutory proceeding to condemn real estate.

The Eminent Domain Act of 1905 has been amended in one respect only. The tenth section which contained

in two places the words "within a reasonable time" was in 1907 made specific by substituting the words "within one year." The act as it appears in Burns' 1933 transposes the order of sections 7 and 8, the former being numbered § 3-1708 and the latter § 3-1707. Otherwise the act appears in Burns' 1933 as originally enacted. It contains no specific provisions as to dismissal so that whatever right to dismiss exists and the manner of its exercise must arise by implication.

The act supersedes all other statutes prescribing condemnation procedure, save one mentioned in § 12. The words "or other body having the right to exercise the power of eminent domain . . ." in § 1 are broad enough to include the State or any of its administrative agencies.

The State, under Article 1, Section 21 of the Constitution of Indiana, must pay just compensation for condemned real estate but not necessarily before it is taken. So it has been held in *Dronberger et al.* v. *Reed* (1859), 11 Ind. 420, that a statute containing provision for assessment and payment of damages is sufficient within this constitutional provision, although the assessment is made after the taking. The case also holds that a supervisor of a road district in taking land for highway purposes is an administrative agency of the State. The same thing must be true of the "State Highway Commission." Such agencies may act only within the limits of authority conferred by statutes. It would seem, therefore, that when the Legislature provides an exclusive method of procedure to condemn land, available alike to all bodies having the right to exercise the power of eminent domain, any such body seeking to exercise the right, even though it be the State itself by one of its administrative agencies, is bound by the provisions of the eminent domain statute.

This is merely an elaboration of the idea expressed by this court in *State* v. *Flamme* (1940), 217 Ind. 149, 155, 26 N. E. (2d) 917, 919, namely: "In this state the exercise of the right of eminent domain is prescribed by the Constitution and regulated by statute."

A general statute such as this obviously should have the same interpretation when the State is the condemnor as would apply in actions brought by a private corporation possessing the privilege of eminent domain. In this case it is contended on the one hand that the condemnor may dismiss or abandon its proceeding at any time and, on the other hand, that the right to dismiss ceases when it pays to the clerk the appraisers' award or, if such right exists thereafter, it is a qualified right invoking the discretionary powers of the court.

Assuming that the landowner's possession had not been disturbed it is not easy to find a detriment to him if the action peremptorily be dismissed and an order entered that he refund the amount which he has been paid. There seems to be inequity in permitting him to keep both the land and its value in money.

But under § 10 of the act, even after final judgment and payment of the damages, the condemnor's rights in the real estate may be forfeited if it fails for five years to devote the land to the use for which it was condemned. The word "forfeit" carries no suggestion of reimbursement to the condemnor of the price paid. If the Legislature under these circumstances does not recognize any such right of reimbursement, the argument of inequity is not insuperable. Of course it would only apply in cases where less than a fee simple is condemned. When the fee is taken, theoretically at least, the land is worth the damages paid

and may be sold at that price if the condemnor belatedly changes its plans with respect to the public use.

But in a proceeding like this to appropriate merely a right of way, if concurrently with or following the payment of the appraisers' award the condemnor takes possession, injury to the landowner usually is the result. Should the condemnor enter and raze buildings or change the contour of the land by excavating, filling or grading, the damage might be great and it would manifestly be unfair to permit a dismissal without compensating the landowner for such damage. It might be urged that he has his remedy in another action against the condemnor, but the law encourages the settlement of all rights of the parties, if possible, in one action. It would not be unreasonable, therefore, to require as a condition to dismissal that such damage, if any, be ascertained and liquidated out of the money paid in by the condemnor who surely would not be entitled to a return of all of the money voluntarily paid but only to the excess over the amount necessary to put the landowner in *statu quo*.

In this connection we note a contention of appellant that its payment was not voluntary. The cases relied upon, of which *Cleveland etc. R. Co.* v. *Nowlin* (1904), 163 Ind. 497, 72 N. E. 257, is typical, hold that such a payment does not foreclose the right of appeal expressly given by the statute there involved. But those cases are not here applicable. The only necessity for payment at the time it was made was as a condition precedent to taking possession, as provided in § 7 of the Act. Appellant was not bound to take possession and if it had not done so nor paid the award, it could have litigated the question of damages even to this court and have sat by for 364 days after the judgment became final, secure in the right,

but not obligated, to take the land at the price fixed in the final judgment. *State* v. *Flamme, supra.* If it was not required to take possession, its election to pay as a condition to exercising possessory rights certainly was voluntary.

Considering the consequences thereof, a dismissal after voluntary payment and the taking of possession ought not be a matter of right but should be subject to the discretion of the court which, as expressly provided in § 8, "may make such further orders, and render such findings and judgments as may seem just." This language certainly contemplates judicial action other than proceeding "to issue, trial and judgment as in civil actions."

But appellant's motion states that possession was not taken. This is neither admitted nor categorically denied by appellees. They take the position that the motion presented questions of fact, including the fact that possession had not been taken, and therefore required submission of substantiating evidence. Whether or not evidence was submitted does not appear from the order denying the motion. The recital therein that the court was "duly advised in the premises" is consistent with either hypothesis. If evidence was necessary, the burden to produce it was on the moving party. In such case it may be assumed from the order, either that the burden was not met, or, in the absence of a bill of exceptions containing the evidence, that it was of such character as to sustain the court's ruling.

The crucial question is whether under the circumstances appellant was required to show affirmatively that substantial rights of appellees would not be affected by peremptory dismissal. Appellant's motion, as heretofore stated, implies that there

were equities to be adjusted. This was to be expected from the fact that appellant had paid the award. Ordinarily one does not voluntarily act without motive. The only reason for the payment while the exceptions thereto were pending was to obtain the right to possession. From the fact of payment therefore the court might reasonably infer that appellant had taken possession. To negative such an inference we think it was incumbent that appellant not only allege but show by evidence the facts relied upon in its motion. Either this was not done, or, if done, is not made to appear by bill of exceptions. In either event, the trial court's ruling ought not be disturbed.

The judgment is affirmed.

NOTE.—Reported in 45 N. E. (2d) 480.