THOMAS V. LAUER ET AL.

[No. 28,521. Filed May 17, 1949.
Rehearing denied June 28, 1949.]

434

*Townsend & Townsend,* and *Symmes, Fleming & Symmes,* all of Indianapolis, for appellant.

*J. Emmett McManamon,* Attorney General, and *Connor D. Ross,* Deputy Attorney General, for appellees.

YOUNG, J.—This case comes to us upon a judgment rendered against appellant when a demurrer was sustained to his complaint to enjoin the members of the State Highway Commission without grant from him and without any of the formalities of condemnation, from taking real estate and the building thereon, of which he was in open possession under a ten year lease and in which he was conducting a going business. That is the only alleged error assigned. We will not set out the com-

plaint verbatim, but will try only to state the facts which the parties seem to think are controlling.

Prior to June 22, 1948, Ida Emrich Skiver was the owner of the land and building involved in this proceeding. Appellant had been in possession of said real estate and had occupied the building thereon as her tenant for more than two years. On March 19, 1948, the owners of said real estate and building executed, acknowledged and delivered to appellant a ten-year lease and at all times referred to in the complaint appellant was in open possession of said real estate and building and occupying and using same as a tavern and restaurant under and pursuant to the terms of said lease. Said lease was duly recorded in the office of the Recorder of Marion County, Indiana, on June 8, 1948, and it was alleged in the complaint that appellant has performed all the conditions and covenants contained in said lease and is ready, willing and able to perform and execute all the terms thereof to be by him performed under the terms of said lease.

On May 27, 1948, the State of Indiana received a right-of-way grant over and across the leased real estate signed by the owners of the real estate, which said grant was recorded on July 27, 1948. On June 22, 1948, the State received a warranty deed to said property, signed by the owners thereof, which said deed was recorded on August 5, 1948. The appellant, as lessee, did not join in said right-of-way grant or in said deed and has not in any way conveyed his right or interest therein to the State. The appellees have filed no action of any kind calculated to acquire appellant's interest in said real estate, but the Highway Commission proposes and threatens to tear down the building and to occupy the land described in plaintiff's lease for the purpose of widening the western approach to a new

bridge over White river in Marion County, and has threatened to ignore the rights of appellant in and to said real estate under and by virtue of said lease, even though appellees have full notice and knowledge of plaintiff's interest therein. Appellant alleges that appellees will deprive him of his property without due process of law in violation of the Fourteenth Amendment of the Constitution of the United States and in violation of Art. 1, §§ 12 and 21 of the Constitution of the State of Indiana. Plaintiff prays for a permanent injunction restraining the members of the State Highway Commission, and each of them, from doing any acts or awarding any contracts or doing anything else that will deprive plaintiff of his rights in said property under said lease until his interest therein be taken from him as by law provided.

It is appellant's contention that the State Highway Commission cannot take his property except by grant from him or by proceeding under the eminent domain statute of the state, whereas the appellees contend that appellant has no right to injunctive relief because he has an adequate remedy at law, and because his complaint presents a question of title under appellant's lease and appellees' deed from appellant's lessor which, appellees say, may not be settled in an injunction suit.

The legislature has made provision for the taking of property for highway purposes. By § 36-118, Burns' 1933, the legislature has given the State Highway Commission the right to purchase in the name of the state, or by voluntary grants receive, the rights necessary for the construction, repair and maintenance of any state highway and necessary for the relocating, widening or straightening of any highway, and by the same section of the statute the State Highway Commission is endowed with the right of eminent domain insofar as the same may be necessary for the

purposes of performing its duties. The State Highway Commission is an administrative agency of the state and may act only within the limits of authority conferred upon it by the state. *State* v. *Pollitt* (1942), 220 Ind. 593, 600, 602, 45 N. E. 2d 480. The statute authorizing it to take property limits its authority to acquisition by purchase, voluntary grant or condemnation. The legislature gave it no right to seize property without the owner's consent and without resort to any process of law. It is almost inconceivable that anyone would contend that the legislature did or would or could do so. In the case before us the State Highway Commission, by its demurrer, has admitted that it has threatened and intends to take appellant's leasehold estate in the real estate involved, not by purchase or voluntary grant or condemnation within its statutory authority, but by arbitrary seizure beyond its statutory authority. Such action should be stopped.

The eminent domain statute, including § 7 thereof, is applicable to the state acting through the State Highway Commission. *State* v. *Pollitt, supra.* Section 7 of the eminent domain statute provides, in effect, that there shall be no right of possession of condemned land until damages have been assessed and paid to the clerk of the court. § 3-1708, Burns' 1946 Replacement.

It is true that § 21 of Art. 1 of the Constitution of Indiana provides that, "No man's property shall be taken by law, without just compensation; nor, except in case of the state, without such compensation first assessed and tendered." This provision of the Constitution does not of itself give the state the right to take possession of property without first paying for it. It is not self-operative. It only gives the legislature the right to permit the state to take property without first having compensation assessed and ten-

dered. *State* v. *Flamme* (1940), 217 Ind. 149, 155, 26 N. E. 2d 917, 919; *State* v. *Pollitt, supra,* at pages 600 and 602. The legislature has not done so. On the contrary, it has provided that when it desires to do so, it shall refer the matter to the attorney-general, § 36-118, Burns' 1933, and he shall commence an action in the proper court under the regular condemnation act. *State* v. *Pollitt, supra.* As we have seen, the regular condemnation act provides for payment before possession is taken.

In *State* v. *Pollitt, supra,* Judge Richman, speaking for the court, used the following language:

> "It would seem, therefore, that when the Legislature provides an exclusive method of procedure to condemn land, available alike to all bodies having the right to exercise the power of eminent domain, any such body seeking to exercise the right, even though it be the State itself by one of its administrative agencies, is bound by the provisions of the eminent domain statute." (Page 600.)

Later, on p. 602, speaking of payment by the state, he said, ". . . The only necessity for payment at the time it was made was as a condition precedent to taking possession, as provided in § 7 of the Act . . . ." This case states the law which was binding upon the State Highway Commission at all the times referred to in the complaint herein. It holds unequivocally that the commission in acquiring real estate or rights therein could act only within the authority conferred by statute, and it held furthermore that the state is without right to possession until the payment of damages assessed under the eminent domain statute.

It is true, as pointed out by appellees, § 3-1711, Burns' 1946 Replacement, provides that, "Any person having

an interest in any land which has heretofore been ██ *or may hereafter be taken* for any public use without having first been appropriated under this or any prior law may proceed to have his damages assessed under this act, substantially in the manner herein provided." It is the State's contention that this statute affords appellant an adequate remedy at law, and having such remedy appellant is not entitled to relief by injunction. This section of the statute does not, as we read it, apply to the situation before us, because in the case before us plaintiff's interest and right in the real estate involved has not been taken. If it had been taken and were being devoted to a public use the possession of the state could not be disturbed, but in the case before us the property or right involved has not been taken but is merely being threatened to be taken. The owner of such land or right is not required to stand idly by and watch a state agency take his property and destroy his business before taking any steps to protect himself. In effect, an administrative agency of the state is threatening to take the law in its own hands and judge its own case. Under our philosophy of government that cannot be done and courts were injected into our scheme of things to prevent it.

Appellee also contends that plaintiff's complaint presents a doubtful case and that therefore he is without right to injunctive relief. We cannot concede ██ that plaintiff's complaint shows a doubtful case. He shows an interest in real estate and shows that the state is about to take it arbitrarily and without purchase or attempt to purchase, and without condemnation and without payment of the value of appellant's interest before taking possession. It is true the state has the right to take private property for public use, but when its agencies attempt to do so they must act

within power granted by the legislature. The statute has defined its right and the method of taking. The state agency threatens to ignore the statute and arbitrarily take possession of the property of appellant to his irreparable damage. It threatens to do so without payment or tender of payment therefor, as required by statute. That being true, what it threatens should be stopped and appellant's case, as alleged in its complaint, is not doubtful.

Appellee also contends that appellant's complaint raises a question of title and that title may not be tested in an injunction case. It is true that the complaint shows a grant and deed to the State, but by appellant's possession the State took title with notice of appellant's rights (55 Am. Jur., Vendor and Purchaser, § 712, p. 1087; 39 Am. Jur., Notice and Notices, § 18, p. 242). The allegations of the complaint, admitted by the demurrer, leave no doubt of appellant's interest. No question of title is presented by the complaint and appellees' contention in this respect is simply that it would be inconsistent for it, while claiming title under a deed, to go into a court and attempt to condemn a conflicting interest in the real estate covered by the deed. If this be so, then the state could in every instance ignore the rights of persons in possession, and ignore the rights of lessees, and purchase from the owner and claim title under deed from the owner as against a tenant in open possession, and thereby foreclose the possessory rights of the tenant and without further ado forcibly oust the tenant and take from him his rights in the real estate seized.

As we view the situation, the appellees admit by their demurrer that they have threatened to take appellant's rights in the real estate in question without payment therefor and without pursuing statutory procedure. It has the power to purchase and, upon failure, the power

to condemn, but, under the latter method, has not the right to take possession without first making or tendering payment. Notwithstanding the statute and the procedure outlined by statute, it threatens to take possession of property in derogation of the admitted rights of appellant. This we think it cannot do.

The judgment is reversed, with instructions to overrule the demurrer to plaintiff's complaint and for further proceedings consistent with this opinion.

Gilkison, J., concurs in result.

NOTE.—Reported in 86 N. E. 2d 71.