BOARD OF COMMISSIONERS OF HAMILTON COUNTY
*v.* GOODWIN, ET AL.

BOARD OF COMMISSIONERS OF HAMILTON COUNTY
*v.* FOLAND, ET AL.

BOARD OF COMMISSIONERS OF HAMILTON COUNTY
*v.* BLUE RIBBON ICE CREAM AND MILK
CORPORATION, INC.

[Nos. 28,967, 28,968, and 28,971. Filed December 12, 1952.]

438

Campbell, Campbell & Malan, of Noblesville, for appellants.

Christian, Waltz & Klotz of Noblesville for appellees in Nos. 28967 and 28968. Garrison & Castor of Noblesville for appellees in No. 28971.

DRAPER, J.—The appellant in Number 28971 instituted this action against the appellee to condemn and appropriate certain rights in the land of the appellee for the purpose of widening and improving an existing public highway. The proceeding was initiated pursuant to the provisions of Ch. 48 of the Acts of 1905, and acts amendatory thereof and supplemental thereto, being Burns Stat., §3-1701, et seq.

Objections filed by appellee were overruled, and appraisers were thereupon appointed who in due course made their report and award of damages. The appellant filed exceptions to said report and prayed that the amount of damages due to defendants on account of said condemnation be fixed and determined by a jury as in ordinary civil proceedings. The appellee also filed exceptions to the report of the appraisers.

Thereafter, and on June 3, 1952, the appellant paid court costs and deposited with the Clerk of the Hamilton Circuit Court the full amount of the award, to-wit, $20,000.

On July 14, 1952, the appellee dismissed its exceptions to the report of the appraisers and filed its petition for an order directing the Clerk to pay over to it said sum of $20,000. On July 25, 1952, the petition of the appellee was sustained and the Clerk was authorized to pay the money to the appellee.

We are asked to decide whether the court erred in ordering the Clerk to pay the money to the appellee. Since the question is one of importance which should be answered, we pass procedural questions raised by the appellee, and proceed to the merits.

It is inaccurate to say, as it has sometimes been said in Indiana, that the exercise of the right of eminent domain is "prescribed by the Constitution and regulated by statute." The power is inherent in, and essential to, the existence of all government even in its most primitive forms. It does not depend for its existence upon a specific grant in the Constitution. It is a power which exists without constitutional recognition, a power which is limited, but not conferred, by constitutional provisions. 18 Am. Jur., Eminent Domain, §§2 and 7.

The right to authorize the exercise of the power is nevertheless legislative, and private property can be taken for public use only pursuant to and in accordance with legislative authority. *Thomas* v. *Lauer* (1949), 227 Ind. 432, 86 N. E. 2d 71; *State* v. *Pollitt* (1942), 220 Ind. 593, 45 N. E. 2d 480; 18 Am. Jur., Eminent Domain, §9; Anno. 22 L. R. A. (N. S.) 12. "The time, manner and occasion of the exercise of the power of eminent domain are wholly

in the control and discretion of the legislatures of the several states of the Union except as it is *restrained* by the Constitutions of such states." *The Consumers' Gas Trust Company* v. *Harless et al.* (1892), 131 Ind. 446, 451, 29 N. E. 1062, 15 L. R. A. 505. (Emphasis supplied.)

The pertinent provision of the Constitution of Indiana is in §21 of Art. 1, reading:

> ". . . No man's property shall be taken by law, without just compensation; nor, except in case of the state, without such compensation first assessed and tendered."

This constitutional provision does not forbid legislation permitting the state to take private property without first tendering compensation. But the provision is not self executing. Under it, the state could take property whether or not compensation was first assessed and tendered if the legislature saw fit to so provide, but no such legislation has been enacted. *Thomas* v. *Lauer, supra; State* v. *Pollitt, supra.*

The only method of procedure for condemning land that has been provided by our legislature, and which was invoked in this case, is exclusive, and available equally and alike to all bodies having the right to exercise the power of eminent domain. Any such body seeking to exercise the right, even though it be the state itself by one of its authorized agencies, of which the appellant is one, is bound by the provisions of the statute. Accordingly, such state agency, like any other body having the power of eminent domain, must tender payment before taking possession of the condemned property. *State* v. *Pollitt, supra; Thomas* v. *Lauer, supra.*

In this case the appellant filed written exceptions to the assessment of the damages, and prayed that the amount thereof be fixed and determined by a jury as in ordinary civil actions. It thereafter paid the amount of the award to the clerk of the court. While said payment was voluntary in the sense that it could have proceeded with the litigation without making such payment, it was nevertheless required to make the payment if possession was to be taken, since, as we have said, the appellant, under our statute, has no greater authority to take possession of appellee's property without first tendering compensation than do others having the right to exercise the power of eminent domain.

Such payment did not, however, jeopardize the appellant's right to have the amount of the benefits or damages reviewed as provided by statute. If, upon trial of the issue, the award is increased, the appellant must pay or tender the additional amount or its right to possession ceases. *Indianapolis, etc., Traction Co.* v. *Dunn* (1906), 37 Ind. App. 248, 76 N. E. 269. If reduced, it is entitled to judgment for the excess. *Douglas* v. *Indianapolis, etc., Traction Co.* (1906), 37 Ind. App. 332, 76 N. E. 892. The two cases last cited were decided under a statute similar in many respects to the one now under consideration.

The depositing of the money with the clerk was, in effect, a tender of the money. The appellee could accept the money and thereby waive its exceptions to the award of the appraisers. *Schnull* v. *Indianapolis, etc., R. Co.* (1921), 190 Ind. 572, 131 N. E. 51. On the other hand it could refuse to accept the money from the clerk, and proceed with the prosecution of its exceptions to the appraiser's award, in

which event the money would remain in the hands of the clerk pending final judgment.

When the appellant paid the money to the clerk it had to be and was tendered to the appellee unconditionally. "The money in this case, when paid into court, if the appellees were satisfied with the assessment, represented the land appropriated, and at once become the property of the appellees." *The Consumers' Gas Trust Company* v. *Harless et al., supra.* The money could not be withheld from the appellee pending the trial of the exceptions filed by appellant if the appellee were willing to accept it. The statute does not authorize the condemnor to take possession pending an appeal by him, by depositing money which could be withheld pending such determination if such determination is requested by the landowner. Ibid.

This is as it should be for the act of appellant in paying the money at once deprived the appellee of the use of the land, and were it to be held that he could also be deprived of the use of the money pending final judgment he would suffer an uncompensated loss.

After payment of the money to the clerk the appellant was entitled to take possession of the property. The payment of the money indicated appellant's intention and fixed its right to do so. It must be held, therefore, that appellant cannot control the disposition of the money in the hands of the clerk and since no one else was questioning appellee's right to the money, the clerk, even without a court order, would have been justified in paying the same to appellee. It follows, of course, that the court did not err in ordering the payment.

The factual situation in causes numbered 28967 and 28968 are essentially the same as in 28971. A similar

order was entered in each. The causes were heretofore consolidated for argument and decision.

The order in each case is affirmed.

NOTE.—Reported in 109 N. E. 2d 88.