Bruce E. SCHWARTZ and Kathleen Sandra Schwartz, Appellants–Plaintiffs,

v.

CASTLETON CHRISTIAN CHURCH, INC., an Indiana not-for-profit corporation, Appellee–Defendant.

CASTLETON CHRISTIAN CHURCH, INC., an Indiana not-for-profit corporation, Appellee (Cross–Complainant Below),

v.

CITY OF INDIANAPOLIS, DEPARTMENT OF PARKS AND RECREATION, Appellee (Third–Party Defendant Below).

No. 29A02–9203–CV–93 [1].

Court of Appeals of Indiana, First District.

June 22, 1992.

Transfer Denied Sept. 8, 1992.

1. This case was reassigned to this office on May 18, 1992 by order of the Chief Judge.

**474**

Thomas A. Hendrickson, of counsel, Hendrickson, Travis, Pantzer & Miller, Indianapolis, for appellants-plaintiffs.

Bruce M. Pennamped, Richard S. Pitts, Lowe Gray Steele & Hoffman, Indianapolis, for appellee-defendant.

ROBERTSON, Judge.

Bruce E. and Kathleen Sandra Schwartz appeal the summary judgment entered in favor of the Castleton Christian Church, Inc. [CCC].[2] The Schwartzes filed the present suit seeking to quiet title with respect to an appurtenant easement incident to CCC's land. The easement is a right of access that runs from CCC's property across the Schwartzes' property to a street. Essentially, the Schwartzes are seeking to have CCC's appurtenant easement declared forfeited by nonuse. We affirm.

## FACTS

Both parties agree that the facts are undisputed. Each party argues that it is entitled to summary judgment under the undisputed facts.

In June of 1971, the City of Indianapolis, through the Department of Parks and Recreation [City], resolved to appropriate, under the power of eminent domain, land owned by Bruce Schwartz's parents for use as a city park. Bruce Schwartz's parents conveyed a landlocked 13.14 acre tract to the City in exchange for $39,000.00. Bruce Schwartz, a realtor, aided his parents in the transaction. The conveyance from Bruce Schwartz's parents to the City was by warranty deed which read, in pertinent part, as follows:

ALSO: A right of access to the above-described real estate (referred to herein as the 'conveyed real estate') from East 71st Street, on over, through and across the following described real estate, which shall be an easement appurtenant to the conveyed real estate....

The easement across the Schwartzes' property is sixty feet (60') wide and eight hundred thirty-nine and fifty-four one hundredths feet (839.54') long. The City never

---

2. The Castleton Christian Church, Inc. cross-complained against third-party defendant, City of Indianapolis, Department of Parks and Recreation [City], seeking damages to the extent the Schwartzes were successful in their claim. Summary judgment in favor of CCC moots its claim against the City.

developed the tract as a park or used the easement across the Schwartzes' land.

The Castleton Christian Church is located on a tract adjacent to the 13.14 acre tract. In 1989, CCC purchased the 13.14 acre tract from the City. When the sale was advertised, it was advertised to include the easement. The conveyance by the City to CCC was by quitclaim deed which contained language identical to the language in the previous deed, quoted above, purporting to convey the appurtenant easement in question along with the 13.14 acre tract.

Eight (8) months after the conveyance to CCC was complete, Bruce and Kathleen Schwartz instituted the present action to terminate the easement. Bruce Schwartz, as executor of his mother's estate, quitclaimed to Bruce and Kathleen Schwartz "any reversionary interest" in the real estate at issue.

## DECISION

■■■ When we review a trial court's ruling on a motion for summary judgment, we are bound by the same standard as the trial court: we must consider all of the designated pleadings, affidavits, depositions, admissions, answers to interrogatories, and testimony in the light most favorable to the nonmoving party in order to determine whether a genuine issue of material fact remains for resolution by a trier of fact. *Ayres v. Indian Heights Volunteer Fire Dept., Inc.* (1986), Ind., 493 N.E.2d 1229, 1294. A genuine issue of material fact exists where facts concerning an issue which would dispose of the litigation are in dispute or where the undisputed facts are capable of supporting conflicting inferences on such an issue. *Scott v. Bodor, Inc.* (1991), Ind.App., 571 N.E.2d 313. If we have any doubts concerning the existence of a genuine issue of material fact, we must resolve those doubts in favor of the nonmoving party. *Woodward Insurance, Inc. v. White* (1982), Ind., 437 N.E.2d 59, 62. If no genuine issue of material fact exists, summary judgment is appropriate if the moving party is entitled to judgment as a matter of law. *Id.* The moving party

bears the burden of showing the absence of a factual issue and his entitlement to judgment as a matter of law. *Norman v. Turkey Run Community School Corp.* (1980), 274 Ind. 310, 313, 411 N.E.2d 614, 615.

The Schwartzes argue that the easement in question was forfeited by the City's nonuse of the easement by operation of IND. CODE 32–11–1–11 which reads as follows:

> (a) If the [municipality] seeking an appropriation under [these statutory procedures regarding eminent domain] fails:
>
> *  *  *  *  *  *
>
> (4) to take possession of the land and adapt it to the use for which it was appropriated within five (5) years after the payment of the award or judgment for damages, *except where a fee simple is authorized to be condemned and appropriated and is condemned and appropriated;*
>
> the [municipality] seeking such appropriation, in either of such cases, shall forfeit all rights in and to such real estate or other property as fully and completely as though no such appropriation or condemnation had been begun or made.

(Emphasis added.)

■■■ Both parties agree the eminent domain statute above applies under the present circumstances. A conveyance in lieu of actual condemnation of real property constitutes a condemnation proceeding because it is tantamount to a taking under the power of eminent domain. *P.C. Management v. Page Two, Inc.* (1991), Ind. App., 573 N.E.2d 434. As such, the condemnation procedures prescribed by I.C. 32–11–1 apply. *Id.*

■■■ The parties disagree with respect to the interpretation of the phrase in I.C. 32–11–1–11(a)(4), "except where a fee simple is authorized." The disagreement focuses upon the meaning of the word "where." Black's Law Dictionary defines "where" as 1) at or in what place, from what place or source; and 2) if, in the case of, in the event that. Black's Law Dictionary 1431 (5th ed. 1979). Webster's Dictionary defines "where" similarly as 1) at, in, or to what place; and 2) at, in, or to what

situation, position, direction, circumstances, or respect. Webster's Ninth New Collegiate Dictionary, 1342, (1989).

The Schwartzes argue that, in the statute, "where" means physical place or figurative location. (Appellant's brief p. 15) Therefore, they assert that any taking by eminent domain of any physical location by conveyance of less than a fee simple interest is subject to forfeiture through nonuse (including, as in the present case, an appurtenant easement conveyed along with its dominant estate which was in fact conveyed in fee simple). Accordingly, the Schwartzes do not assert that the 13.14 acre tract sold in fee is subject to forfeiture through nonuse. Instead, they assert the appurtenant easement running with the 13.14 acre tract was forfeited by the City's failure to develop a park on the tract and use the easement as a right of access to the park within five (5) years of the taking of the tract and easement.

CCC urges that, in the statute, "where" means "in the event that." As such, CCC argues that I.C. 32–11–1–11(a)(4) does not operate to inflict forfeiture upon the appurtenant easement of the 13.14 acre tract because the tract was conveyed in fee simple and the appurtenant easement may not be separated from the tract.

None of the eminent domain forfeiture cases cited by either party involved takings of a fee simple interest, or for that matter, the taking of a fee simple interest with an appurtenant easement incident thereto. *State v. Pollitt* (1942), 220 Ind. 593, 45 N.E.2d 480; *Town of Freedom v. Norris* (1891), 128 Ind. 377, 27 N.E. 869; *Swinney v. The Fort Wayne, Muncie & Cincinnati Railroad Co.* (1877), 59 Ind. 205; *Northern Indiana Gas & Electric Co. v. Merchants' Improvement Association* (1928), 87 Ind. App. 74, 160 N.E. 50; *Miller v. Cincinnati, Lawrenceburg & Aurora Electric Street Railroad Co.* (1909), 43 Ind.App. 540, 88 N.E. 102.

The most recent of these cases, *Pollitt*, 45 N.E.2d 480, involved a five-year forfeiture statute similar to I.C. 32–11–1–11(a)(4). The *Pollitt* court noted:

But, [under the Act], even after final judgment and payment of the damages, the condemnor's rights in the real estate may be forfeited if it fails for five years to devote the land to the use for which it was condemned.... *Of course it would only apply in cases where less than a fee simple is condemned.* When the fee is taken, theoretically at least, the land is worth the damages paid and may be sold at that price if the condemnor belatedly changes its plans with respect to the public use.

*But in a proceeding like this to appropriate merely a right of way,* if concurrently with or following the payment of the appraisers' award the condemnor takes possession, injury to the landowner usually is the result.

220 Ind. at 601, 602, 45 N.E.2d at 483 (Emphasis added). Under *Pollitt*, it is obvious that the word "where" has the meaning that CCC asserts. The phrase in *Pollitt*, "would only apply in cases where" (emphasized above) is properly interpreted as "would only apply in the event that." We are unable to interpret, consistent with the Schwartzes' interpretation, that "where" means physical place or figurative location. Therefore, I.C. 32–11–1–11(a)(4) operates to cause the forfeiture of an appropriation through nonuse *only* in those cases in which an appropriation of less than a fee simple has been made. Or alternately, forfeiture is only appropriate when an interest less than a fee simple has been taken (e.g., a mere right of way).

Moreover, the law is well-settled that we should, if possible, construe a statute in a manner harmonious to and consistent with other laws, rather than in a manner conflicting therewith. *Board of Medical Registration and Examination v. Turner* (1960), 241 Ind. 73, 168 N.E.2d 193. Statutes are to be construed in connection and in harmony with the existing law and as a part of a general and uniform system of jurisprudence. *State ex rel. Glenn v. Smith* (1949), 227 Ind. 599, 87 N.E.2d 813; 26 I.L.E. *Statutes* § 128.

Also well-settled is the common law regarding the nature of appurtenant

easements. Appurtenant easements are inseparably united to the land to which they are incident. *Consolidation Coal Co. v. Mutchman* (1990), Ind.App., 565 N.E.2d 1074, *trans. denied.* They are of the nature of covenants running with the land. *Id.* The conveyance of the dominant estate carries the appurtenant easements. *Id.* An appurtenant easement acquired by actual grant cannot be lost by mere nonuser. *Id.; Selvia v. Reitmeyer* (1973), 156 Ind. App. 203, 295 N.E.2d 869. Moreover, the axiom that the law does not favor forfeitures applies to easements. *Id.*

Indiana Code § 32–11–1–11(a)(4) does not operate to cause a forfeiture of the appurtenant easement in question because the 13.14 acre tract to which the easement is incident was taken in fee simple. Accordingly, the trial court's entry of summary judgment in favor of CCC was correct.

Judgment affirmed.

BAKER and STATON, JJ., concur.