STATE of Indiana, Appellant–Plaintiff,

v.

John M. DUNN and Gail A Dunn, Appellees–Defendants.

No. 82A01–0502–CV–83.

Court of Appeals of Indiana.

Nov. 17, 2005.

Stephen R. Carter, Attorney General of Indiana, Steve Tesmer; Deputy Attorney General, Indianapolis, for Appellant.

David V. Miller, Robert L. Burkart, Evansville, for Appellees.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Plaintiff–Appellant State of Indiana ("the State") appeals from the trial court's order in an eminent domain action involving the appropriation of a portion of the property of Defendants–Appellees John M. and Gail A. Dunn (collectively "the Dunns").

We reverse and remand.

### ISSUE [1]

The State raises the following restated issue for our review: whether the trial court erred by awarding prejudgment interest commencing from the date of filing of the condemnation complaint.

---

1. Initially, the State raised an issue regarding instructions in its opening brief. The State in its reply brief has withdrawn the issue and the related argument.

*FACTS AND PROCEDURAL HISTORY*

The State brought an eminent domain action to appropriate a portion of the Dunns' real estate in Evansville. The Dunns' property is situated in the southeast quadrant of the Lloyd Expressway, Highway 66 and Green River Road in Evansville. The State sought to take 4,267 feet of property along Green River Road for the improvement of State Road 66 to construct an additional lane leading from Green River Road to the Lloyd Expressway.

On April 24, 2000, the State filed its Complaint for Appropriation of Real Estate. On October 2, 2002, the trial court ordered the appropriation of the real estate described in the complaint and appointed three disinterested freeholders of Vanderburgh County to conduct an appraisal. On November 13, 2002, the court-appointed appraisers filed their report and assessed the total fair market value of the appropriation at $68,000.00. On February 7, 2003, the State tendered $68,000.00 to the circuit court clerk, and also tendered the appraisers' fees. On April 4, 2003, the clerk disbursed to the Dunns $68,000.00.

The matter proceeded to jury trial on July 28, 2004. On July 29, 2004, the jury returned a verdict in favor of the Dunns. On August 3, 2004, the trial court entered judgment on the jury verdict in the amount of $302,895.00. The trial court further ordered the State to pay the statutory interest rate of eight percent from the date of the filing of the complaint, April 24, 2000, for a total of $71,890.18 in prejudgment interest.

The State filed a Motion to Amend Jury Verdict, and a Motion to Correct Error on August 31, 2004, based in relevant part on the theory that the trial court incorrectly computed the prejudgment interest. On September 29, 2004, the trial court denied the State's Motion to Correct Error and the Motion to Amend Judgment, but changed the beginning date of the computation of prejudgment interest from April 24, 2000 to April 26, 2000.

*DISCUSSION AND DECISION*

The State contends that the trial court incorrectly computed the prejudgment interest on the damages awarded by the jury. The trial court ordered the State to pay interest from the date of the filing of the complaint. The State argues that the trial court erred. We agree.

Ind.Code § 32–24–1 *et seq.* sets forth the general procedures relating to eminent domain actions. The person or entity seeking to acquire the property may file a complaint for the purpose of acquiring the property if an agreement is not reached with the owner of the property. Ind.Code § 32–24–1–4. A condition precedent to filing the complaint is a formal offer to purchase following the statutory requirements. Ind.Code § 32–24–1–5. A notice to appear and show cause shall be issued by the circuit court clerk on the defendant, or defendants, upon the filing of the complaint. Ind.Code § 32–24–1–6. A defendant may object to the proceedings. Ind.Code § 32–24–1–8. If the objections are overruled, the trial court shall appoint appraisers. Ind.Code § 32–24–1–8(e). The appraisers shall take an oath that they have no interest in the matter and will honestly and impartially make an assessment, and report thereon. Ind.Code § 32–24–1–9. For purposes of assessing the compensation and damages, the right to compensation and damages accrues as of the date of service of the notice to appear and show cause. Ind.Code § 32–24–1–9(g). If the plaintiff pays the amount of damages assessed by the appraisers to the circuit court clerk, then the plaintiff may take possession of and hold an interest in the property for the purposes stated in the

complaint, subject to the right of appeal. Ind.Code § 32–24–1–10. Prejudgment interest shall be computed by the court or the jury at an annual rate of eight percent on the amount of a defendant's damages from the date the plaintiff takes possession of the property. Ind.Code § 32–24–1–11.

In the present case, the State argues that it did not take possession of the property until February 7, 2003, the date the State paid to the circuit court clerk the appraised amount of compensation and damages for the property. The Dunns argued and the trial court found that the State took possession of the property on the date the State filed its condemnation action. The portion of the trial court's order determining the issue of prejudgment interest reads as follows:

> The Court further finds, based upon the evidence at trial, that the date of the taking of the subject property by the State of Indiana pursuant to its power of eminent domain was April 24, 2000, and that the Defendants are entitled to receive interest upon said judgment amount, at the statutory rate, from April 24, 2000, until the date of payment. The Court further finds that, pursuant to I.C. § 32–24–1–11(d)(6), the appropriate rate of interest applicable to said judgment amount is an annual rate of eight percent (8%).

Appellant's App. p. 25. The trial court modified its order by changing the date of the taking from April 24, 2000, to April 26, 2000. Appellant's App. p. 28.

The eminent domain statutes state that prejudgment interest shall be computed at an annual rate of eight percent on the amount of a defendant's damages from the date the plaintiff takes possession of the property. Ind.Code § 32–24–1–11. Furthermore, the eminent domain statutes state that if the plaintiff pays the amount of damages assessed by the appraisers to the circuit court clerk, then the plaintiff may take possession of and hold an interest in the property for the purposes stated in the complaint, subject to the right of appeal. Ind.Code § 32–24–1–10; *State v. Pollitt*, 220 Ind. 593, 45 N.E.2d 480, 483 (1942)(only necessity for payment was as a condition precedent to taking possession). Therefore, since the record reveals that the State tendered the appraised amount of $68,000.00 to the circuit court clerk on February 7, 2003, the State did not take possession of the property until that date.

The Dunns and the trial court appear to have confused the starting point for computation of two different sums. The accrual date for the computation of a defendant's compensation and damages is the date of service of the notice to appear and show cause. Ind.Code § 32–24–1–9(g). The trial court correctly changed the starting date from April 24, 2000, the date the complaint was filed, to April 26, 2000, the date service was made to the Dunns. The starting date for the computation of prejudgment interest is the date the State paid the appraised amount, or February 7, 2003. The rate of interest, eight percent per annum, is correct.

The cases presented by the Dunns to support their position are inapposite. They are not eminent domain cases.

## CONCLUSION

The trial court erroneously ordered that the computation of prejudgment interest on the jury's verdict commence upon the date the State filed its complaint. Prejudgment interest should be computed from the date the State tendered the appraised value to the circuit court clerk, more specifically, February 7, 2003.

This matter is remanded to the trial court for a recalculation of the prejudg-

ment interest owed by the State to the Dunns consistent with this opinion.

Reversed and remanded.

ROBB, J., and MAY, J., concur.