Ernest **TORMASCHY** and Elaine Tormaschy, Plaintiffs and Appellees,

v.

Walter R. **HJELLE**, State Highway Commissioner for the State of North Dakota, Defendant and Appellant.

**Civ. No. 8884.**

Supreme Court of North Dakota.

Aug. 13, 1973.

Vernon R. Pederson, Sp. Asst. Atty. Gen., N. D., State Highway Dept., Bismarck, for defendant and appellant.

No appearance by appellees.

ERICKSTAD, Chief Justice.

The defendant, North Dakota State Highway Commissioner, appeals from a judgment of the district court of Stark County which permanently enjoins him from taking certain lands of the plaintiffs, Ernest and Elaine Tormaschy, under the quick-take provision of Section 14 of the North Dakota Constitution.

Section 14 reads:

"Private property shall not be taken or damaged for public use without just compensation having been first made to, or paid into court for the owner. No right of way shall be appropriated to the use of any corporation until full compensation therefor be first made in money or ascertained and paid into court for the owner, irrespective of any benefit from any improvement proposed by such corporation, which compensation shall be ascertained by a jury, unless a jury be waived, *provided however, that when the state or any of its departments, agencies or political subdivisions seeks to acquire right of way, it may take possession upon making an offer to purchase and by depositing the amount of such offer with the clerk of the district court of the county wherein the right of way is located.* The clerk shall immediately notify the owner of such deposit. The owner may thereupon appeal to the court in the manner provided by law, and may have a jury trial, unless a jury be waived, to determine the damages." N.D.Constitution.

Pursuant to the provisions of Section 14 and the statutory authority of the State Highway Commissioner in Title 24 of the North Dakota Century Code, the Commissioner, in June of 1972, sought to purchase from the Tormaschys 2.44 acres of land required to provide a sewage lagoon for the Green River rest area on Interstate Highway 94 in Stark County. The Tormaschys declined to sell such land at the price offered by the Commissioner ($375), whereupon the Commissioner deposited the amount of the offer with the clerk of the district court of Stark County and the clerk gave notice of the deposit to the Tormaschys as required by the quick-take provision of Section 14 of our State Constitution.

Thereafter the Tormaschys served the Commissioner with a complaint in district court praying for a judgment enjoining the Commissioner from proceeding with the condemnation. At the same time they

caused a notice of appeal to be served on the Commissioner pursuant to Section 14, demanding a jury trial to determine the amount of compensation to which they were entitled by virtue of the taking. In support of their prayer for a preliminary injunction, the Tormaschys served on the Commissioner the affidavit of Ernest Tormaschy and an order to show cause. The Commissioner made his return to the order to show cause on July 17, 1972, incorporating therein a motion for a summary judgment dismissing the complaint for an injunction and attaching thereto the affidavit of Robert E. King, right-of-way engineer for the North Dakota State Highway Department. On July 21 at the conclusion of the hearing on the order to show cause, the trial court granted a temporary injunction without bond and denied the motion of the Commissioner for a summary judgment. On July 27, the Commissioner answered the original complaint and again moved for summary judgment. On October 5 he made a motion to vacate the temporary injunction and again moved for a summary judgment.

The trial court heard these motions on October 5 and thereafter on October 12 rendered its findings of fact, conclusions of law and order for judgment. The trial court found that there was no genuine issue as to any fact material to the disposition of the matter; concluded as a matter of law that land required to provide sanitary facilities for a highway rest area is not right-of-way within the contemplation of the quick-take provision of Section 14 of the North Dakota Constitution; and ordered summary judgment for the Tormaschys permanently restraining the Commissioner from taking the land under the quick-take provisions of Section 14.

The trial court filed no memorandum opinion and the Tormaschys have filed no brief in this court.

Does the term "right of way" as used in Section 14 of our State Constitution (as amended in 1956) include land to be used as a sewage lagoon in conjunction with sanitary facilities at an Interstate Highway rest area? We believe it does.

To answer this question, we must construe Section 14 of our Constitution.

"The constitution of a State is subject to construction by the courts, whose duty it is to discover and to give effect to the intention of the people who adopted it." State ex rel. Stockman v. Anderson, 184 N.W.2d 53, 56 (N.D.1971).

"[Any] questions must be answered, if possible, from the language of the constitutional provision itself but, if the language is ambiguous or the answer doubtful, then the field of inquiry is widened and rules applicable to construction of statutes are to be resorted to. In fact, a wider field of inquiry for information is proper where needed in construing constitutional provisions than legislative enactments." Newman v. Hjelle, 133 N.W.2d 549, 556 (N.D.1965).

██ A rule of constitutional and statutory construction is that words are to be given their plain, ordinary and commonly understood meaning. Verry v. Trenbeath, 148 N.W.2d 567, 574 (N.D.1967).

Webster's Dictionary defines right-of-way as a "right of passage over another person's ground".

It is true that the Legislature had defined "right of way" as early as 1953 as "a general term denoting land, property, or interest therein, usually in a strip, acquired for or devoted to a highway." S.L.1953, Ch. 177, Section 2, Subsection 37.

We do not believe, however, that restricting the meaning of "right of way" to highway purposes excludes the taking of land for a sewage lagoon in connection with a highway rest area.

From 1916 to 1956 the Federal Government appropriated funds for interstate highways to meet the needs of national defense and interstate commerce. United

States v. Certain Parcels of land in Peoria Co., Ill., 209 F.Supp. 483, 488 (S.D.Ill. 1962). It is reasonable to assume that the people of our state had this broad objective in mind when the words "right of way" were used in Section 14. It follows that land necessary for a sewage lagoon in connection with sanitary facilities at a rest area would be incidental thereto.

The supreme court of Nebraska, in 1949, in discussing construction of constitutions had this to say:

"A Constitution is intended to meet and be applied to any conditions and circumstances as they arise in the course of the progress of the community. The terms and provisions of constitutions are constantly expanded and enlarged by construction to meet the advancing affairs of men. * * *" State ex rel. State Railway Comm. v. Ramsey, 151 Neb. 333, 338, 37 N.W.2d 502, 506 (1949).

The question before us is one of first impression to this court. Not only have we not had prior occasion to interpret the term "right of way" as used in Section 14, but the history of that section sheds little light on the intent of its framers as to the meaning of the term.

While this court has never had occasion to interpret the term "right of way" as used in Section 14, we have construed the term "roadway" in the original Section 179 of our Constitution relating to the assessment of railroads.

Section 179 provided that generally property was to be assessed in the county or other political subdivision in which it was situated except that the franchise, roadway, roadbed, rails and rolling stock of all railroads operated in North Dakota were to be apportioned among the political subdivisions in which said roads were located.

In an 1898 decision, this court in construing the term "roadway" in Section 179 of our Constitution relating to the assessment of railway property said: "[T]he word 'roadway' includes, not only the strip of ground upon which the main line is located, but also all ground necessary for the construction of side tracks, turnouts, connecting tracks, station houses, freight houses, and all other accommodations reasonably necessary to accomplish the objects for which the railroad company was incorporated." Chicago, M. & St. P. Ry. Co. v. Cass County, 8 N.D. 18, 76 N.W. 239, Syl. ¶ 1 (1898).

In arriving at that rule this court recognized that the term "right of way" was generally used to designate the ground upon which a railroad company may lay its tracks and construct its necessary buildings and that the terms "right of way" and "roadway" were synonymous.

■ Giving the term "right of way" the broad meaning attributed to the term "roadway", we conclude that the term "right of way" in Section 14 of the North Dakota Constitution as amended in 1956 was meant to include not only that strip of land necessary for driving lanes, but also other land necessary for the construction of accommodations reasonably necessary to make driving safe, comfortable, and helpful.

The highway with which we are concerned is an interstate highway. The interstate highway is similar to toll highways and turnpikes, the purpose being to make possible fast, through traffic. The supreme court of Illinois ruled in Illinois State Toll Highway Com'n v. Eden Cem. Ass'n, 16 Ill.2d 539, 158 N.E.2d 766, 769 (1959), that in order to effectuate this purpose and eliminate the danger of accidents arising from traffic entering at numerous places it is necessary that there be limited access to these highways. In essence, the court held that limited access necessitated the inclusion of service facilities within the interstate right-of-way.

In Opinion of the Justices, 330 Mass. 713, 113 N.E.2d 452, 468 (1953), in speaking of this problem with respect to turn-

pikes the court said: "Undoubtedly many travelers will seek food on their way across the State. It will be a great convenience to them to find it at a place where they can park their vehicles without interfering with traffic and without the necessity of looking for an exit, searching for a restaurant, and then re-entering the turnpike".

■ Our Legislature has prohibited the construction of any commercial establishment for servicing motor vehicles or serving motor vehicle users on the right-of-way of any controlled-access highway. Section 24-01-45, N.D.C.C. Notwithstanding that fact, if restaurants may be considered so essential to highway travel that land for such purposes may be considered

part of the "highway" in some states, it would not seem to us to be stretching the meaning of the term "right of way" in Section 14 to permit the taking of land for the construction of a sewage lagoon in connection with sanitary facilities under that section.

Accordingly, the judgment of the trial court is reversed, the injunction is vacated and the case is remanded for entry of judgment dismissing the landowners' action without prejudice to their appeal to the district court for a jury trial on the issue of compensation for the land.

VOGEL, TEIGEN, PAULSON and KNUDSON, JJ., concur.