Everett JOHNSON, Kermit Larson, Delores Larson, and the Heimdal Township Board, a corporation, Plaintiffs and Appellants,

v.

WELLS COUNTY WATER RESOURCE BOARD, a public body, Defendant and Appellee.

Civ. No. 11355.

Supreme Court of North Dakota.

Aug. 12, 1987.

Chapman & Chapman, Bismarck, for plaintiffs and appellants; argued by Daniel J. Chapman.

Dwyer & Klemin, Bismarck, for defendant and appellee; argued by Michael A. Dwyer.

LEVINE, Justice.

Everett Johnson, Kermit Larson, Delores Larson, and the Heimdahl Township Board [hereinafter collectively referred to as appellants] appeal from a summary judgment authorizing the Wells County Water Resource Board [Board] to seek flowage easements pursuant to the "quick take" provision of Art. I, § 16, N.D. Const. We reverse.

In *Larson v. Wells County Water Resource Board*, 385 N.W.2d 480 (N.D.1986), we upheld the Board's decision to approve a drain permit conditioned upon obtaining certain flowage easements. When the Board proposed to obtain those easements through the quick take provision of Art. I, § 16, N.D. Const., the appellants sued to enjoin it from doing so. The appellants moved for summary judgment, contending that the Board did not have authority to use the quick take provision. The Board also moved for summary judgment, claiming that it had authority to use the quick

take provision. The trial court denied the appellants' motion and granted the Board's motion. Judgment was entered accordingly and this appeal followed.

The dispositive issue on appeal is whether the Board may use the quick take provision of Art. I, § 16, N.D. Const., in the absence of legislation granting the Board quick take authority. In other words, is Art. I, § 16 self-executing?

We must construe the underscored quick take provision in Art. I, § 16, N.D. Const., which provides in relevant part:

"*Section 16.* Private property shall not be taken or damaged for public use without just compensation having been first made to, or paid into court for the owner, ... No right of way shall be appropriated to the use of any corporation until full compensation therefor be first made in money or ascertained and paid into court for the owner, ... Compensation shall be ascertained by a jury, unless a jury be waived. *When the state or any of its departments, agencies or political subdivisions seeks to acquire right of way, it may take possession upon making an offer to purchase and by depositing the amount of such offer with the clerk of the district court of the county wherein the right of way is located...*" (Emphasis added.)

Relying on § 61–16.1–09(2),[1] N.D.C.C., the appellants contend that the quick take provision of the constitution is not available to the Board because that statute does not grant any right to quick take but instead limits the Board's exercise of the power of eminent domain to the manner provided by Title 32, N.D.C.C, which provides for possession after judgment. Section 32–15–29, N.D.C.C. We agree.

The trial court recognized "that Article I, Section 16 of the Constitution does not itself grant a right of condemnation." However, in concluding that the quick take provision was available to the Board, the trial court determined:

"The constitutional provision is itself a grant of power to any agencies which fall within its ambit. Any agency within its provisions has the power of 'quick take,' and it is not necessary for the legislature to authorize it. Not only is it not necessary, the legislature would have no power to withhold that authority. Counsel's argument that the legislature must provide the 'quick take' procedure to each agency is erroneous."

We disagree with those conclusions of law.

■ There are several general principles that underly our construction of Art. I, § 16 and our conclusion that it is not a self-executing grant of quick take authority to the Board. The right of eminent domain is an attribute of sovereignty and does not require or depend upon a constitutional grant or recognition. *Board of Comm'rs v. Blue Ribbon Ice Cream & Milk Corp.*, 231 Ind. 436, 109 N.E.2d 88 (1952); *Shizas v. City of Detroit*, 333 Mich. 44, 52 N.W.2d 589 (1952); *Square Butte Elec. Coop. v. Hilken*, 244 N.W.2d 519 (N.D.1976); 5A *Thompson On Real Property* § 2575 (1978); D. Guy, *Land Condemnation: A Comparative Survey Of North Dakota Statutory Law*, 51 N.D.L.Rev. 387 (1974). The right of eminent domain may, however, be limited or restricted by constitutional provisions. *Shizas v. City of Detroit, supra; Kessler v. Thompson*, 75 N.W.2d 172 (N.D.1956); *City of Pryor Creek v. Public Service Co. of Okla.*, 536 P.2d 343 (Okla.1975). The time, manner, and occasion of the exercise of the power of eminent domain are wholly in the control and discretion of the legislature, except as it is restrained by the constitution of the state. *Board of Comm'rs v. Blue Ribbon Ice Cream & Milk Corp., supra,* 109 N.E.2d at 89. *See also Kessler v. Thompson, supra.* The power of eminent domain, however, "lies dormant in the state until

---

1. Section 61–16.1–09(2), N.D.C.C., provides:

"*61–16.1–09. Powers of water resource board.* Each water resource board shall have the power and authority to:

\* \* \* \* \* \*

"2. Exercise the power of eminent domain in the manner provided by title 32 for the purpose of acquiring and securing any rights, titles, interests, estates, or easements necessary or proper to carry out the duties imposed by this chapter, ..."

the Legislature by specific enactment designates the occasion, modes, and agencies by which it may be placed in operation." *City of Pryor Creek v. Public Service Co. of Okla., supra,* 536 P.2d at 345–346. *See also State v. Stumbo,* 222 Or. 62, 352 P.2d 478 (1960); 5A *Thompson On Real Property* § 2576 (1978).

 Our overriding objective in construing a constitutional provision is to give effect to the intention and purpose of the people adopting it. *Newman v. Hjelle,* 133 N.W.2d 549 (N.D.1965). *See also State ex rel. Vogel v. Garaas,* 261 N.W.2d 914 (N.D. 1978). That intention and purpose are to be determined, if possible, from the language of the constitutional provision itself. *Newman v. Hjelle, supra.* If the intentions of the people cannot be determined from the language itself, we may turn to other aids in construing the provision. *State ex rel. Linde v. Robinson,* 35 N.D. 410, 160 N.W. 512 (1916). We cannot determine from the text of the quick take provision of Art. I, § 16, whether or not it was intended to be self-executing. Thus we must employ other aids in construing the provision. *See* L. Boughey, *An Introduction to North Dakota Constitutional Law: Content and Methods of Interpretation,* 63 N.D.L.Rev. 157, 217 (1987).

One source for determining the intent of the people adopting the quick take provision of Art. I, § 16, is the background context of what it displaced. L. Tribe, *Constitutional Choices* 43 (1985). As this court said in *Robinson, supra,* 160 N.W. at 516, "[a]mong these aids is a contemplation of the object to be accomplished or the mischief designed to be remedied or guarded against by the clause in which the ambiguity is met with." Prior to the 1956 amendment adding the quick take provision, this court had construed Art. I, § 14 (now § 16) as a limitation prohibiting the Legislature from enacting quick take statutes. *See Kessler v. Thompson, supra; Becker County Sand & Gravel Co. v. Wosick,* 62 N.D. 740, 245 N.W. 454 (1932);

*Donovan v. Allert,* 11 N.D. 289, 91 N.W. 441 (1902); *Martin v. Tyler,* 4 N.D. 278, 60 N.W. 392 (1894). This court had held that "payment must precede the taking" (*Donovan v. Allert, supra,* 91 N.W. at 455), "even though the ultimate right to take the property for the proposed public use is manifest." *Becker County Sand & Gravel Co. v. Wosick, supra,* 245 N.W. at 456.

 Thus, while it is the Legislature that establishes the procedures for the exercise of eminent domain, subject to constitutional limitations, this court had construed the precursor to § 16 as just such a limitation on the Legislature's authority to establish a quick take procedure for the state and its departments, agencies, and political subdivisions. We believe the purpose of § 16 was to remove that limitation on the Legislature's authority.

A constitutional provision is self-executing "if it establishes a sufficient rule by which its purpose can be accomplished without the need of legislation to give it effect," but not if "it merely establishes general objectives, ... such that the provision must remain inoperative until appropriate legislation is enacted to give it effect." *State ex rel. Vogel v. Garaas, supra,* 261 N.W.2d at 918.

 The general objective of § 16 was to overrule case law construing its precursor and thereby make quick take available to the state, its departments, agencies and political subdivisions. We infer no purpose from its text or history that § 16 was intended to overrule traditional legal principles that place control of the exercise of eminent domain in the Legislature. Section 16 makes available to the Legislature the option of quick take. It is not self-executing.[2] Under § 16, the state or the Board may take property via quick take if the Legislature sees fit to so provide. The

---

**2.** *See also Board of Comm'rs v. Blue Ribbon Ice Cream & Milk Corp.,* 231 Ind. 436, 109 N.E.2d 88 (1952); *Thomas v. Lauer,* 227 Ind. 432, 86 N.E.2d 71 (1949); *State v. Flamme,* 217 Ind. 149,

26 N.E.2d 917 (1940) (Indiana quick take provision is not self-executing and only authorizes the state a right of quick take, which is dependent upon implementing legislation.)

Legislature has not seen fit to authorize the Board to quick take.[3]

■ Quick take offers less protection to property owners than possession after judgment. *See Haveluck v. State, N.D. St. Hwy. Dept.,* 333 N.W.2d 425 (N.D.1983). We believe the quick take provision should be construed "to make it effectual in the protection of the rights of the citizen." *Becker County Sand & Gravel Co. v. Wosick, supra,* 245 N.W. at 456 (quoting *Donovan v. Allert, supra,* 91 N.W. at 446). Construing the quick take provision to require legislation to carry it into effect affords "protection of the rights of the citizen" not afforded if it is construed as a grant in itself of quick take authority. The Legislature may expand the rights of the citizen beyond those given by the Constitution, although it may not reduce constitutional rights. *Becker County Sand & Gravel Co. v. Wosick, supra.* By not exercising its constitutional authority to establish a quick take procedure for the Board, the Legislature has extended greater protection to property owners.

We conclude that the quick take provision was added to the constitution, not to grant power to the Board, but to remove the limitation imposed by judicial construction on the authority of the Legislature to enact quick take statutes if the Legislature chose to do so. Because Art. I, § 16 establishes the general objective of empowering the Legislature and not the Board, it necessarily must remain inoperative until the Legislature takes advantage of it. The provision is not self-executing.

■ Legislation enacted after the quick take provision of Art. I, § 16 was adopted supports our conclusion that it was not intended to be self-executing. Generally, principles of construction applicable to statutes are applicable to constitutions. *McCarney v. Meier,* 286 N.W.2d 780 (N.D. 1979). Courts will give weight to the practical and contemporaneous construction placed upon a statute by officers charged with its administration. *Walker v. Weilenman,* 143 N.W.2d 689 (N.D.1966). Courts also give weight to a contemporaneous and

long-standing legislative construction of constitutional provisions. *Kadrmas v. Dickinson Public Schools,* 402 N.W.2d 897 (N.D.1987); *State ex rel. Sanstead v. Freed,* 251 N.W.2d 898 (N.D.1977). *See also State ex rel. Linde v. Robinson, supra.* A contemporaneous construction of a statute is "given special consideration since it was made at a time when the circumstances leading up to the enactment of the statute were well known." 2A *Sutherland Statutory Construction* § 49.08, p. 398 (Sands 4th Ed.1984 Rev.).

Section 24–01–22.1, N.D.C.C. (S.L.1957, ch. 189, § 1), implemented the quick take provision of the constitution by authorizing the state highway department to use the quick take provision. The bill was introduced at the request of the state highway department in the first session of the Legislature after the quick take amendment to the constitution was adopted. Thus, the Highway Department construed the constitutional amendment not as a grant of quick take authority, but rather as authority to the Legislature, if it chose to exercise it, to grant the state or any of its departments, agencies, or political subdivisions quick take authority.

■ Courts look to subsequent enactments and amendments as aids in arriving at the correct meaning of a prior statute. *State v. Novak,* 338 N.W.2d 637, 640 (N.D. 1983). The quick take amendment was proposed by the Legislature. S.L.1955, ch. 359. We note that the Legislature later specifically granted quick take authority in two instances other than § 24–01–22.1, N.D.C.C. Section 2–06–08, N.D.C.C. (S.L. 1959, ch. 91, § 8); § 40–22–05, N.D.C.C. (S.L.1961, ch. 274, § 1). Those enactments indicate that the Legislature also did not construe the quick take provision in the 1956 amendment of the constitution as a grant in itself of quick take authority to the state or any departments, agencies, or political subdivisions having the power of eminent domain.

---

**3.** Our conclusion is in harmony with Art. VII, § 2, N.D. Const., which provides that political

subdivisions have such powers as are provided by law.

**530**

The Board contends that it has the authority to use the quick take provision because § 61–16.1–09(12), N.D.C.C.,[4] provides a right of condemnation that is not limited by the restriction to Title 32 in § 61–16.1–09(2), N.D.C.C. The Legislature is empowered to grant the Board the power of eminent domain and to restrict its exercise of that power to the manner provided by Title 32, N.D.C.C., as it has done in § 61–16.1–09(2), N.D.C.C. When the Legislature has intended to grant political subdivisions quick take powers in the exercise of the power of eminent domain, as it is authorized by the constitution to do, it has done so in language clearly evidencing such an intent. *See*, §§ 2–06–08,[5] and 40–22–05,[6] N.D.C.C. We find nothing in the general language of § 61–16.1–09(12), N.D.C.C., relating to methods of acquiring property, which indicates a legislative intent to deviate from the specific language of § 61–16.-1–09(2), N.D.C.C., limiting the Board's exercise of the power of eminent domain to the manner provided by Title 32, N.D.C.C.

For the foregoing reasons, we conclude that, without legislation specifically granting quick take authority to the Board to carry into effect the quick take provision of Art. I, § 16, the Board lacks authority to acquire flowage easements through the quick take provision of the constitution in

its exercise of the power of eminent domain conferred upon it in § 61–16.1–09, N.D.C.C.

For the reasons stated, the judgment is reversed.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.

4. Section 61–16.1–09(12), N.D.C.C., provides:
 "*61–16.1–09. Powers of water resource board.* Each water resource board shall have the power and authority to:
 * * * * * *
 "12. Acquire by lease, purchase, gift, condemnation, or other lawful means and to hold in its corporate name for its use and control both real and personal property and easements and rights of way within or without the limits of the district for all purposes authorized by law or necessary to the exercise of any other stated power."

5. "*2–06–08. Eminent domain.*—In the acquisition of property by eminent domain proceedings authorized by this chapter, an airport authority shall proceed in the manner provided by chapter 32–15 of the laws of this state, and such other laws that may now or hereafter apply to the state or to political subdivisions.... Notwithstanding the provisions of any other statute or other law of this state, an authority may take possession of any property to be acquired by

eminent domain proceedings at any time after the commencement of such proceedings...."

6. "*40–22–05. Condemnation of land and rights of way for special improvements—Taking of possession—Trial—Appeal—Vacation of judgment.* Whenever property required to make any improvement authorized by this chapter is to be taken by condemnation proceedings, ... The proceedings shall be instituted and prosecuted in accordance with the provisions of chapter 32–15, except that when the interest sought to be acquired is a right of way for the opening, laying out, widening, or enlargement of any street, highway, avenue, boulevard, or alley in the municipality, or for the laying of any main, pipe, ditch, canal, aqueduct, or flume for conducting water, storm water, or sewage, ..., the municipality may make an offer to purchase the right of way and may deposit the amount of the offer with the clerk of the district court ..., and may thereupon take possession of the right of way forthwith...."