2005 ND 85

Kenneth A. EBERTS, Allan E. Eberts, and Dennis J. Eberts, Plaintiffs and Appellees,

v.

BILLINGS COUNTY BOARD OF COMMISSIONERS, Defendant and Appellant.

No. 20040309.

Supreme Court of North Dakota.

May 3, 2005.

Albert J. Hardy, Hardy, Maus & Nordsven, P.C., Dickinson, N.D., for plaintiffs and appellees.

Tami Lyn Norgard (argued) and H. Patrick Weir (on brief), Vogel Law Firm, Fargo, N.D., for defendant and appellant.

Brian L. Bergeson, Schulz Lervick Geiermann & Bergeson Law Offices, P.C., Bismarck, N.D., for amicus curiae North Dakota Association of Counties.

MARING, Justice.

[¶1] The Billings County Board of Commissioners ("Board") appealed from an order temporarily enjoining it from proceeding under N.D.C.C. § 24–05–09 to condemn land owned by Kenneth, Allan, and Dennis Eberts, or from surveying or recording a survey of a roadway across Eberts' property. The Board alternatively seeks a supervisory writ to review the trial court's decision to grant the temporary injunction. We conclude review of the temporary injunction is proper, and the Board may proceed under N.D.C.C. § 24–05–09. We reverse and remand with instructions to dismiss Eberts' action.

I

[¶2] On August 3, 2004, the Board passed a resolution identifying pending congressional legislation to purchase the "Eberts Ranch" for a national park and stating the Board was concerned that if the federal government acquired the land, public access for a crossing of the Little Missouri River in that area would be lost. The resolution declared a public necessity requiring the taking of an existing private road through the Eberts' property from the road's intersection with "Blacktail Road" to the intersection with "Bell Lake Road." The resolution directed that, under N.D.C.C. § 24–05–09, the road shall be surveyed and described by a licensed surveyor, and a plat prepared and recorded with the Billings County Recorder.

[¶3] The Eberts sued the Board, seeking to temporarily enjoin it from proceeding under N.D.C.C. § 24–05–09, or from surveying or recording a survey of the road. Eberts also sought a permanent injunction and declaration that N.D.C.C. § 24–05–09 was not applicable to the road. The Eberts alleged that statute was not applicable because it deals with the acquisition of right-of-way, and the Board had

not commenced eminent domain proceedings under N.D.C.C. ch. 32–15. The Eberts claimed they had been negotiating a sale of their ranch to the United States Park Service, and the Board's actions would cause them irreparable damage and injury and frustrate and prevent that sale. The trial court temporarily enjoined the Board from proceeding under N.D.C.C. § 24–05–09, or from surveying or recording a survey of the road. The Board appealed the order granting the temporary injunction, and, alternatively, sought a supervisory writ to review the order.

## II

[¶ 4] The Board argues the trial court's order granting the temporary injunction is appealable. The Eberts argue the court's order is not appealable absent a certification under N.D.R.Civ.P. 54(b).

[¶ 5] Ordinarily, a temporary injunction before trial is not reviewable by interlocutory appeal. *Fargo Women's Health Org., Inc. v. Lambs of Christ*, 502 N.W.2d 536, 537 (N.D.1993); *Fargo Women's Health Org., Inc. v. Lambs of Christ*, 488 N.W.2d 401, 405–06 (N.D.1992). Consistent with our finality doctrine, we usually require compliance with the certification requirements of N.D.R.Civ.P. 54(b) before we will review an interlocutory order. *Fargo Women's Health*, 502 N.W.2d at 537. However, when interim relief affects fundamental interests of the litigants, we may review interim relief without a Rule 54(b) certification. *Fargo Women's Health*, 502 N.W.2d at 537–38. In *Fargo Women's Health*, 488 N.W.2d at 406, a preliminary injunction attempted to balance the rights to deliver and receive medical care against fundamental constitutional rights of free speech and assembly. We said the injunction served an active rather than an incidental purpose, and we concluded review of the order was proper. *Id.*

[¶ 6] Here, the temporary injunction involves consideration of a political subdivision's right to use quick take provisions for condemnation proceedings. The quick take procedures have significant constitutional underpinnings for governmental entities, and we conclude review of the temporary injunction is proper. *See Fargo Women's Health*, 488 N.W.2d at 405–06.

## III

[¶ 7] The Board argues the trial court erred in granting Eberts a preliminary injunction, because a landowner cannot stop a county from using the quick take proceedings in N.D.C.C. § 24–05–09 under the auspice of challenging a county's determination of public necessity. The Eberts argue a county may not use the quick take proceedings to take private property when the county does not have a present public use or necessity for the property and condemnation proceedings are instituted to frustrate a sale of the land. The Eberts argue the Board must proceed under N.D.C.C. ch. 32–15, and the court did not err in preliminarily enjoining the county from proceeding under N.D.C.C. § 25–04–09.

[¶ 8] A trial court's discretion to grant or deny a preliminary injunction is based on the following factors: (1) substantial probability of succeeding on the merits; (2) irreparable injury; (3) harm to other interested parties; and (4) effect on the public interest. *Nodak Mut. Ins. Co. v. Ward County Farm Bureau*, 2004 ND 60, ¶ 24, 676 N.W.2d 752; *Vorachek v. Citizens State Bank*, 461 N.W.2d 580, 585 (N.D.1990). The decision to grant or deny a preliminary injunction is within the discretion of a trial court, and its determination will not be disturbed on appeal absent an abuse of discretion. *Nodak Mut.*, 2004

ND 60, ¶ 24, 676 N.W.2d 752. A trial court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law. *Id.*

[¶ 9] The trial court's decision to grant a preliminary injunction involves issues about a county's authority to condemn land for a road. Article I, § 16, N.D. Const., authorizes eminent domain proceedings and provides:

> Private property shall not be taken or damaged for public use without just compensation having been first made to, or paid into court for the owner, unless the owner chooses to accept annual payments as may be provided for by law. No right of way shall be appropriated to the use of any corporation until full compensation therefor be first made in money or ascertained and paid into court for the owner, unless the owner chooses annual payments as may be provided by law, irrespective of any benefit from any improvement proposed by such corporation. Compensation shall be ascertained by a jury, unless a jury be waived. *When the state or any of its departments, agencies or political subdivisions seeks to acquire right of way, it may take possession upon making an offer to purchase and by depositing the amount of such offer with the clerk of the district court of the county wherein the right of way is located. The clerk shall immediately notify the owner of such deposit. The owner may thereupon appeal to the court in the manner provided by law, and may have a jury trial, unless a jury be waived, to determine the damages,* which damages the owner may choose to accept in annual payments as may be provided for by law. Annual payments shall not be subject to escala-

tor clauses but may be supplemented by interest earned.

(Emphasis added).

[¶ 10] Under that provision, private property generally may not be taken for a public use without just compensation having first been made to the owner; however, the underscored language was adopted in 1956 to authorize the legislature to enact "quick take" condemnation procedures for the state and its departments, agencies, or political subdivisions. *Johnson v. Wells County Water Res. Bd.,* 410 N.W.2d 525, 528–29 (N.D.1987). The "quick take" authorization in N.D. Const. art. I, § 16 is not self-executing, and legislation is necessary to effectuate the quick take authority. *Johnson,* at 529. In *Johnson,* at 529–30, we held the legislature had not authorized a County Water Resource Board to use quick take proceedings, and the Water Resource Board's eminent domain authority under N.D.C.C. § 61–16.1–09(2) was limited to the procedures in N.D.C.C. ch. 32–15.

[¶ 11] The quick take provisions of N.D. Const. art. 1, § 16 and N.D.C.C. § 24–01–22.1 authorize the Highway Department to take possession of property by depositing an offer for the property with the clerk of district court and permit the owner to then appeal in the manner provided by N.D.C.C. ch. 32–15. *See Haveluck v. State,* 333 N.W.2d 425, 428 (N.D. 1983). In other instances in which an acquiring agency may exercise the power of eminent domain without using quick take procedures, it must proceed by summons and complaint served upon the property owner, and a trial must be had and an order entered under N.D.C.C. ch. 32–15 *before* title vests in the acquiring agency. *Haveluck,* at 428. *See* N.D.C.C. § 32–15–29 (authorizing condemner to take possession of property at any time *after* entry of judgment and payment in full). Chapter

32–15, N.D.C.C., is a separate procedure for eminent domain for the taking of private property for public use, which provides owners with greater protections than quick take procedures. *Johnson*, 410 N.W.2d at 529; *Haveluck*, at 428.

[¶ 12] Under N.D.C.C. § 24–01–01, the legislature has declared that "[p]roviding adequate public highway facilities, including rural and urban links, [is] a proper public use and purpose," and has placed a high degree of trust in the hands of those officials, including the director of the department of transportation and boards of county commissioners, "whose duty it is . . . to . . . develop . . . highway facilities of this state, for the present as well as for future use." Section 24–05–09, N.D.C.C., authorizes a board of county commissioners to condemn land it deems necessary for present use as a highway in the county:

The board of county commissioners of any county of the state, by resolution or order, as part of the cost of constructing, reconstructing, widening, altering, changing, locating, relocating, aligning, realigning, or maintaining, any highway in said county, may purchase, acquire, take over, or condemn, under the right and power of eminent domain, for such county, any and all lands which it deems necessary for the present use, either temporary or permanent, and to provide adequate drainage in the improvement, constructing, reconstructing, widening, altering, changing, locating, relocating, aligning, realigning, or maintaining of any highways in said county, and by the same means it may acquire said lands notwithstanding the fact that the title thereto is vested in the state or any of its subdivisions. Whenever the board of county commissioners determines, by resolution or order, that the public necessity requires the taking of land as aforesaid, it shall cause said lands to be surveyed and described and a plat there-

of prepared and recorded in the office of the recorder of the county wherein the same is located. The board of county commissioners, or its duly authorized agents and employees, may enter upon any land for the purpose of making such survey, examination, or test, but in case of damages to the premises the board of county commissioners forthwith shall pay to the owner of said premises the amount of such damages.

[¶ 13] If a board of county commissioners is unable to purchase land under N.D.C.C. § 24–05–09 for use as a highway at a price deemed reasonable by the board, the board shall declare the necessity for the taking of the land and shall direct a special board consisting of the county auditor, the county treasurer, and the county recorder to fix the damages for the taking of the land. N.D.C.C. § 24–05–10. The specially constituted board shall hold a hearing for all persons or parties interested or aggrieved by the taking and shall proceed to fix damages to be paid by the county. N.D.C.C. § 24–05–11. When the special board determines and awards damages, the county commissioners shall pay the amount to the clerk of the district court. N.D.C.C. § 24–05–12. If no appeal is taken from the award within thirty days from the date of deposit with the clerk of the district court, the title to the land taken vests in the county. N.D.C.C. § 24–05–13. However, any party aggrieved by the award "shall have the remedy now provided by law for an appeal from any determination of the board of county commissioners in the taking of lands by a county for highway purposes," and the "issues involved in the appeal so taken must be tried and determined at the next term of the district court," with damages assessed by a jury, unless a trial by jury is waived. N.D.C.C. § 24–05–14.

[¶ 14] An appeal to the district court under N.D.C.C. § 24–05–14 does not stay the condemnation proceeding, and the board of county commissioners may proceed with use of the condemned property during the appeal, but the board is liable for any additional amount awarded to the aggrieved party on appeal. N.D.C.C. § 24–05–15. The language of N.D.C.C. § 24–05–15 authorizes the county to use the property during an appeal and constitutes a taking of property within the meaning of quick take procedures. *See Kessler v. Thompson,* 75 N.W.2d 172, 189 (N.D.1956) (on petition for rehearing) (stating similar provision in N.D.R.C. § 24–0124 (1953 Supp.) constituted at least a partial taking prior to a court determination the taking was necessary and before compensation for the land had been determined and paid into court). We conclude N.D.C.C. § 24–01–01 and N.D.C.C. §§ 24–05–09 through 24–05–15 authorize a board of county commissioners to condemn property for roads using quick take procedures.

[¶ 15] We reject Eberts' argument the quick take procedure may not be used in this case, because they claim there is no present public use or necessity for the road. In *City of Medora v. Golberg,* 1997 ND 190, ¶¶ 4, 11, 569 N.W.2d 257, in the context of an eminent domain proceeding under N.D.C.C. ch. 32–15 and not a quick take proceeding, we concluded a proposed use for property as a public roadway satisfied the public use requirement. Under N.D.C.C. § 24–05–09, a board of county commissioners may condemn "all lands which it deems necessary for the present use." Section 24–01–01, N.D.C.C., places a high degree of trust in the hands of those officials, including a board of county commissioners, "whose duty it is, within the limits of available funds," "to plan, develop, operate, maintain, and protect the highway facilities of this state, for present as well as future use." Moreover, the preparation of a survey before initiation of condemnation proceedings is appropriate. *Square Butte Elec. Co-op. v. Dohn,* 219 N.W.2d 877, 883 (N.D.1974). In *Square Butte,* at 883, we held that for purposes of entering land for a survey for possible condemnation proceedings, a party must show it is in a category of entities entitled to seek eminent domain and is not required to show necessity at that stage of the proceeding. *See* N.D.C.C. §§ 24–05–09 and 32–15–06.

[¶ 16] We conclude the Board's action complies with the statutory requirements of N.D.C.C. § 24–05–09. Accordingly, we conclude the trial court misapplied the law in determining that N.D.C.C. § 24–05–09 was not applicable to the Board's action. The Board is authorized to proceed under N.D.C.C. § 24–05–09, and we therefore conclude the court abused its discretion in granting a preliminary injunction to enjoin the Board from proceeding under N.D.C.C. § 24–05–09, or from surveying or recording a survey of a roadway across Eberts' property.

[¶ 17] In *Tormaschy v. Hjelle,* 210 N.W.2d 100, 103–04 (N.D.1973), we held the state had authority to use quick take procedures to condemn land for a sewage lagoon in conjunction with sanitary facilities at an interstate highway rest area. We vacated an injunction that precluded the highway commissioner from using quick take procedures, and we remanded for entry of judgment dismissing the landowner's action without prejudice to the landowner's right to appeal to the trial court for a jury trial on the issue of compensation for the land. *Id.* at 104. Our decision in *Tormaschy* compels a similar result in this case. We reverse the trial court's order granting a preliminary injunction, we vacate the injunction, and we remand for entry of judgment dismissing

the Eberts' action without prejudice to their right to appeal under N.D.C.C. § 24–05–14. *See Tormaschy*, at 104.

## III

[¶ 18]   We reverse and remand for proceedings consistent with this opinion.

[¶ 19] GERALD W. VANDE WALLE, C.J., and DALE V. SANDSTROM, J., and BRUCE E. BOHLMAN, S.J., concur.

[¶ 20] The Honorable BRUCE E. BOHLMAN, S.J., sitting in place of KAPSNER, J., disqualified.

[¶ 21] The Honorable WILLIAM A. NEUMANN, a member of the Court when this case was heard, resigned effective March 14, 2005, and did not participate in this decision.