Crothers, Justice.
[¶ 1]
*125 Leon Pfingsten appeals from a district court order granting Owego Township's motion to dismiss an appeal. We affirm the order.
I
[¶ 2] On March 27, 2015 several Owego Township residents petitioned for alteration of what is known as Bagoon Road. In April 2015 the Township sued Pfingsten to have that portion of Bagoon Road on Pfingsten's property declared a public road by prescriptive easement, to prevent Pfingsten from claiming any adverse interest in the road and to have damages awarded for Pfingsten's intentional injury to the road. The Township also sought access to Pfingsten's property for surveying. Pfingsten counterclaimed for trespass. The district court entered a stipulated order providing that the Township had the right to survey Pfingsten's land before December 31, 2016 and, upon completion of the survey, the Township would proceed with a taking action. The district court stayed the action until December 31, 2016.
[¶ 3] On September 26, 2016, the Township acted on the March 2015 petition and adopted and filed with the Township Clerk an order to alter highway and a statement of damages. The order to alter highway changed the location of Bagoon Road on Pfingsten's property. The order included a legal description of two acres of Pfingsten's land to be taken by the Township for relocation of Bagoon Road. The statement of damages valued Pfingsten's two acres at $9,000. Pfingsten did not appeal the Township's award of damages. On December 3, 2016 the Township adopted a confirmation of order to alter highway and confirmation of statement of damages. On December 22, 2016 Pfingsten received a $9,000 check from the Township. He appealed to the district court on January 19, 2017. The Township moved to dismiss the appeal. The district court ruled that Pfingsten's appeal was untimely under N.D.C.C. §§ 24-07-22 and 28-34-01 and granted the Township's motion to dismiss the appeal.
II
[¶ 4] Pfingsten argues the district court erred by concluding his appeal was untimely under N.D.C.C. §§ 24-07-22 and 28-34-01. The parties do not dispute the facts material to our decision. When jurisdictional facts are not disputed, a district court's subject matter jurisdiction over an appeal from a local governing body is a question of law, which we review de novo. Garaas v. Cass Cty. Joint Water Res. Dist. , 2016 ND 148, ¶ 6, 883 N.W.2d 436.
[¶ 5] Chapter 24-07, N.D.C.C., regulates proceedings for opening and vacating certain highways. Section 24-07-04 provides counties and townships with authority over their roads:
"Except as otherwise provided in this title, all proceedings for the opening, vacating, or changing of a highway outside of the limits of an incorporated city, including the acquisition of right of way when necessary, must be under the charge and in the name of:
* * * *
(2) The board of township supervisors of an organized township."
[¶ 6] On March 27, 2015 several Township residents filed a petition for alteration of road with the Township. Under N.D.C.C. § 24-07-05, that petition initiated the process authorized in the remainder *126 of chapter 24-07. On May 24, 2016 the Township issued a resolution of necessity:
"1. The road described above should be altered for the purpose of addressing erosion concerns.
2. Access to property adjacent to the road is necessary for the purpose of examining, surveying, and mapping the area where the road should be altered.
3. Owego Township shall make out an accurate description of the highway to be altered and shall incorporate the same in an order to be signed by the members of the board and filed with the township clerk. At such time, Owego Township shall also ascertain the amount of damages to be awarded to the landowner."
[¶ 7] On September 26, 2016 the Township acted on the petition and issued an order to alter highway. That order stated:
"1. Owego Township has authority to alter highways pursuant to Chapter 24-07 of the North Dakota Century Code.
2. All required notices have properly been given as required by Chapter 24-07 of the North Dakota Century Code.
3. The Bagoon Road shall be altered so that the portion of the Bagoon Road lying next to the river in the Southwest Quarter (SW ¼) of Section 9, in Township 135, Range 53, Ransom County, North Dakota is moved to the North. The legal description attached as Exhibit A shall be the new location of the road."
[¶ 8] The order was filed with the Township Clerk the same day it was issued. The process followed for entry and filing the order was consistent with N.D.C.C. § 24-07-14 :
"Whenever ... the board of township supervisors shall lay out, alter, or discontinue any highway, it shall cause a survey thereof to be made when necessary, and it shall make out an accurate description of the highway so altered, discontinued, or laid out, and shall incorporate the same in an order to be signed by the members of such board, and shall cause such order, together with all the petitions and affidavits of service and posting of notices to be filed ... in the office of the township clerk, ..."
[¶ 9] Under N.D.C.C. § 24-07-14, after the Township's records are filed with the Clerk, the Clerk must wait at least thirty days before taking further action on the matter. Specifically, the "township clerk may not record such order within thirty days, nor until a final decision is had, and not then unless such order is confirmed." Id.
[¶ 10] Along with the order to alter highway, on September 26, 2016 the Township issued and filed a statement of damages that concluded "[t]he amount of damages awarded to Mr. Pfingsten due to the road alteration is $9,000.00."
[¶ 11] Under N.D.C.C. § 24-07-16, damages sustained by laying out, altering or discontinuing any road may be ascertained by agreement of the owner and township or, absent agreement, "the same must be assessed in the manner herein prescribed before the road is opened, worked, or used." That section continues:
"In case the board and the owners of land claiming damages cannot agree ... the board in its award of damages shall specify the amount of damages awarded to each such owner, giving a brief description of such parcel of land in the award. The board having jurisdiction shall assess the damages at what it deems just and right to each individual claimant with whom it cannot agree. The *127 board of township supervisors shall deposit a statement of the amount of damages assessed with the township clerk, ..."
Id. (emphasis added).
[¶ 12] Here, the Township's statement of damages was filed with the Township Clerk on the afternoon of the day it was issued. The Township's process in issuing that statement was consistent with the requirements of N.D.C.C. § 24-07-14. Because the parties did not agree on the damages resulting from the Township's actions, the filing of the statement also complied with the requirement in N.D.C.C. § 24-07-16 that "[t]he board of township supervisors shall deposit a statement of the amount of damages assessed with the township clerk." Id.
[¶ 13] After the Township filed the order and statement, Pfingsten could appeal or accept payment in the amount specified in the statement of damages. A landowner's right to appeal is provided by statute:
"Any person who feels aggrieved by any determination or award of damages made by the board having jurisdiction, either in laying out, altering, or discontinuing, or in refusing to lay out, alter, or discontinue, any highway or cartway, within thirty days after the filing of such determination or award of damages, as provided in this chapter, may appeal therefrom to the district court in accordance with the procedure provided in section 28-34-01."
N.D.C.C. § 24-07-22.
[¶ 14] Section 28-34-01 specifies that "[t]he notice of appeal must be filed with the clerk of the court within thirty days after the decision of the local governing body." N.D.C.C. § 28-34-01(1). No dispute exists that Pfingsten did not appeal within thirty days of September 26, 2016.
[¶ 15] On December 3, 2016 the Township adopted a confirmation of order to alter highway and confirmation of statement of damages. The timing of the confirmation was consistent with that part of N.D.C.C. § 24-07-14 prohibiting the Township Clerk from recording the order and statement of damages until thirty days after filing "and not then unless such order is confirmed." The confirmation affirmed the Township's September 26, 2016 order to alter highway and statement of damages. The basis for the Township's confirmation included that "neither the Order nor the Statement of Damages has been appealed, and more than 30 days has passed since entry of the Order and Statement of Damages."
[¶ 16] "The interpretation of a statute is a question of law, fully reviewable by this Court." Keepseagle v. Backes , 454 N.W.2d 312, 315 (N.D. 1990). "Our primary objective in the interpretation of a statute is to ascertain the intent of the legislature. We look first to the language of the statute. If the language of a statute is clear and unambiguous, the letter of the statute cannot be disregarded under the pretext of pursuing its spirit." Id. (citations and quotation marks omitted).
[¶ 17] The language of N.D.C.C. §§ 24-07-22 and 28-34-01 states an appeal of a determination or award of damages must be made within thirty days of the Township's filing of that determination or award of damages. On September 26, 2016 the Township filed with the Township Clerk both its order to alter highway and statement of damages. These documents make a determination and state the amount to be awarded to Pfingsten. Therefore, the statutory deadline for Pfingsten's notice of appeal was thirty days later on October 26, 2016. Because Pfingsten did not file his notice of appeal until January 19, 2017, his *128 appeal was untimely under §§ 24-07-22 and 28-34-01.
III
A
[¶ 18] Pfingsten argues that N.D.C.C. § 11-10-26 and N.D. Const. art. I, § 16, compel the conclusion that his thirty-day appeal period began when the Township paid him compensation on December 22, 2016.
[¶ 19] "We review de novo a claimed violation of a constitutional right." City of Fargo v. Salsman , 2009 ND 15, ¶ 21, 760 N.W.2d 123. "We construe statutes to avoid constitutional infirmities, and any doubt must be resolved in favor of the statute's constitutionality." Id. "Our overriding objective in construing a constitutional provision is to give effect to the intention and purpose of the people adopting it." Johnson v. Wells Cty. Water Res. Bd. , 410 N.W.2d 525, 528 (N.D. 1987) (citing Newman v. Hjelle , 133 N.W.2d 549, 555 (N.D. 1965) ). We determine the intention and purpose from the language of the constitutional provision itself. Id.
[¶ 20] Pfingsten's reliance on N.D.C.C. § 11-10-26 is misplaced. That section is part of a chapter of the North Dakota Century Code generally relating to county governments. Section 11-10-26 states,
"When the county seeks acquisition of right of way through eminent domain proceedings authorized by chapter 32-15 [eminent domain], the board of county commissioners may make an offer to purchase the right of way and deposit the amount of the offer with the clerk of the district court and thereupon take immediate possession of the right of way as authorized by section 16 of article I of the Constitution of North Dakota."
[¶ 21] Here, Pfingsten's property was taken by the Township, not a county. The Township did not claim to take the property using quick take procedures under N.D.C.C. § 11-10-26. Rather, the Township used N.D.C.C. ch. 24-07 to establish the need for and value of the land. The process and procedures in N.D.C.C. ch. 24-07 do not authorize the Township to effectuate quick take condemnation. Nor does N.D.C.C. ch. 24-07 allow the Township to take possession of Pfingsten's property before actually paying him for the taking. Therefore, N.D.C.C. § 11-10-26 does not assist in resolving the issues in this case.
B
[¶ 22] Pfingsten further suggests the North Dakota Constitution supports his claim that the time for appeal did not start running until he was paid for the taking of his land. Again, we disagree.
[¶ 23] The Takings Clause was adopted as article I, section 14 of the North Dakota Constitution in 1889. Now numbered section 16, it begins: "Private property shall not be taken or damaged for public use without just compensation having been first made to, or paid into court for the owner...." This language has not been amended since statehood.
[¶ 24] An amendment adopted in 1956 authorized quick take:
"[W]hen the state or any of its departments, agencies or political subdivisions seeks to acquire right of way, it may take possession upon making an offer to purchase and by depositing the amount of such offer with the clerk of the district court of the county wherein the right of way is located. The clerk shall immediately notify the owner of such deposit. The owner may thereupon appeal to the court in the manner provided by law, and may have a jury trial, unless *129 a jury be waived, to determine the damages."
N.D. Const. art. I, § 14 (1956) (as enacted by 1955 N.D. Sess. Laws ch. 359, § 1). Prior to this amendment, we held quick take procedures unconstitutional. Johnson , 410 N.W.2d at 528 ; see, e.g. , Becker Cty. Sand & Gravel Co. v. Wosick , 62 N.D. 740, 751-52, 245 N.W. 454, 457 (1932). The 1956 amendment removed "the limitation imposed by judicial construction on the authority of the Legislature to enact quick take statutes if the Legislature chose to do so." Johnson , at 529. Thus, quick take became an alternative to traditional taking when the Legislature specifically provided for such action. See id. at 528.
[¶ 25] The 1956 amendment gave the state and its subdivisions the authority to take immediate possession of property if it first made an offer to purchase, made payment into the court prior to possession, and gave notice of the deposit to the landowner. N.D. Const. art. I, § 14 (1956); see Tormaschy v. Hjelle , 210 N.W.2d 100, 101 (N.D. 1973). N.D. Const. art. I, § 16, has been amended twice but neither the 1982 nor the 2006 amendment are relevant here. 1983 N.D. Sess. Laws, ch. 721, § 1; 2007 N.D. Sess. Laws, ch. 578, § 1.
[¶ 26] In either procedure-a quick take or a traditional taking-the law requires either payment of compensation or depositing funds into the court prior to the acquiring agency's possession of the property. N.D. Const. art. I, § 16. Cf. N.D.C.C. § 32-15-25 (when judgment paid); N.D.C.C. § 32-15-26 (proceedings annulled if payment or deposit not made); N.D.C.C. § 32-15-29 (condemnor's possession upon payment or deposit in satisfaction of judgment). Because Pfingsten did not argue, and the record does not establish that the Township took possession of Pfingsten's property before payment, we reject the argument that payment on December 22, 2016 created the starting date for a timely appeal. Instead, under the procedure used by the Township, and based on the facts in this record, Pfingsten's time for appeal commenced under N.D.C.C. § 24-07-22 when the Township filed its order and statement of damages on September 26, 2016.
IV
[¶ 27] Because Pfingsten's appeal was not timely filed, we affirm the district court order granting the Township's motion to dismiss the appeal.
[¶ 28] Daniel J. Crothers
Lisa Fair McEvers
Gerald W. VandeWalle, C.J.
Jensen, Justice, concurring in the result.
[¶ 29] The Majority affirms the district court order granting Owego Township's ("Township") motion to dismiss Pfingsten's appeal from a taking of property as untimely. Procedural due process requires notice to be provided to a landowner prior to a taking, and the taking of property without notice is inherently unconstitutional. Pfingsten was not provided with adequate notice of the taking. However, because Pfingsten failed to raise this issue on appeal, I concur in the result reached by the Majority.
[¶ 30] On March 27, 2015, several Township residents petitioned for alteration of what is known as Bagoon Road. The Majority summarizes the subsequent events as follows:
In April 2015 the Township sued Pfingsten to have that portion of Bagoon Road on Pfingsten's property declared a public road by prescriptive easement, to prevent Pfingsten from claiming any adverse interest in the road and to have damages awarded for Pfingsten's intentional *130 injury to the road. The Township also sought access to Pfingsten's property for surveying. Pfingsten counterclaimed for trespass. The district court entered a stipulated order providing that the Township had the right to survey Pfingsten's land before December 31, 2016 and, upon completion of the survey, the Township would proceed with a taking action. The district court stayed the action until December 31, 2016.
On September 26, 2016, the Township acted on the March 2015 petition and adopted and filed with the Township Clerk an order to alter highway and a statement of damages. The order to alter highway changed the location of Bagoon Road on Pfingsten's property. The order included a legal description of two acres of Pfingsten's land to be taken by the Township for relocation of Bagoon Road. The statement of damages valued Pfingsten's two acres at $9,000. Pfingsten did not appeal the Township's award of damages. On December 3, 2016 the Township adopted a confirmation of order to alter highway and confirmation of statement of damages. On December 22, 2016 Pfingsten received a $9,000 check from the Township. He appealed to the district court on January 19, 2017. The Township moved to dismiss the appeal. The district court ruled that Pfingsten's appeal was untimely under N.D.C.C. §§ 24-07-22 and 28-34-01 and granted the Township's motion to dismiss the appeal.
Majority Opinion at ¶¶ 2-3.
[¶ 31] This Court has previously recognized that the taking of land requires adequate notice to satisfy the federal and state constitutional mandates for procedural due process. See Eckre v. Pub. Serv. Comm'n , 247 N.W.2d 656, 667-68 (N.D. 1976). The Majority notes that the Township complied with notice requirements of N.D.C.C. § 24-07-14 by filing with the Township Clerk the September 26, 2016 Order on that date. Majority Opinion at ¶¶ 7-14. However, N.D.C.C. § 24-07-14 contains no requirement that service of the order be provided to the property owner other than through the filing of the Order with the Township Clerk. The Majority concludes that the filing of the September 26, 2016 Order satisfies N.D.C.C. § 24-07-14 and does not reach the issue of whether or not filing the Township Order with the Township Clerk, without any proof of service on the property owner, is sufficient to satisfy the federal and state constitutional mandates that a property owner receive notice prior to the taking of property. The Majority properly avoids the issue because it was not raised by Pfingsten in the district court or on appeal.
[¶ 32] To the district court's credit, the district court recognized the notice deficiency within N.D.C.C. § 24-07-14 created by the absence of a requirement to provide notice to the property owner. The district court, in paragraph 6 of its order dismissing Pfingsten's appeal, specifically addressed notice of the September 26, 2016 Township order and found that Pfingsten had received notice. Pages 8 and 9 of the transcript from the motion to dismiss hearing reflect the district court's concern for adequate notice of the September 26, 2016 Township order to Pfingsten through direct questioning of Pfingsten's counsel. As noted in the following paragraphs, I disagree with the district court's conclusion that Pfingsten had received adequate notice of the September 26, 2016 Township order to trigger the time for appeal.
[¶ 33] The Township, in apparent recognition of the notice deficiency inherent within N.D.C.C. § 24-07-14, filed several documents and an affidavit in support of its motion to dismiss. In summary, to satisfy *131 the notice requirements mandated by procedural due process, the Township relies exclusively on October 5, 2016 correspondence sent to Pfingsten's counsel that was accompanied by a copy of the September 26, 2016 Township order. The subsequent questioning by the district court during the hearing on the motion to dismiss does not disclose any other method of providing notice to Pfingsten.
[¶ 34] The Majority correctly holds that to perfect his appeal from the September 26, 2016 Township order, Pfingsten was required to comply with N.D.C.C. § 28-34-01(1), which reads as follows:
The notice of appeal must be filed with the clerk of the court within thirty days after the decision of the local governing body. A copy of the notice of appeal must be served on the local governing body in the manner provided by rule 4 of the North Dakota Rules of Civil Procedure.
(Emphasis added).
[¶ 35] Pfingsten, in order to comply with N.D.C.C. § 28-34-01(1), was required to serve a copy of his appeal on the Township pursuant to N.D.R.Civ.P. 4. A reasonable interpretation and application of N.D.C.C. § 28-34-01(1) dictates that the document from which Pfingsten's appeal derives, the September 26, 2016 Township order, must also be served pursuant to N.D.R.Civ.P. 4.
[¶ 36] The Township relied upon the correspondence and accompanying documents sent to Pfingsten's counsel to address the district court's concern about adequate notice to Pfingsten. Providing those documents to Pfingsten's counsel does not satisfy the notice requirements of N.D.R.Civ.P. 4. Rule 4, N.D.R.Civ.P., in general, would have required personal service on Pfingsten. As such, the district court's conclusion that Pfingsten received adequate notice of the September 26, 2016 Township order is incorrect.
[¶ 37] I cannot and do not agree with an application of N.D.C.C. § 24-07-14 that allows property to be taken without adequate notice being provided to a property owner, nor can I agree that the filing of an order with a Township Clerk pursuant to N.D.C.C. § 24-07-14 provides sufficient notice to a property owner to satisfy procedural due process. Additionally, although the district court recognized the notice deficiency inherent within N.D.C.C. § 24-07-14, that deficiency was not overcome by the Township providing "notice" that failed to comply with N.D.R.Civ.P. 4. However, because Pfingsten failed to raise this issue in the district court or on appeal, I concur with the result reached by the Majority and note that this issue remains for resolution in the future when properly raised by a party.
[¶ 38] Jon J. Jensen